UNITED STATES of America, Plaintiff-Appellee,

v.

Aldolfo GOMEZ–GERALDO a/k/a Adolfo Ramirez a/k/a Adolfo Gomez, Defendant-Appellant.

No. 80–5879
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

Aug. 3, 1981.

Paul W. Sloniowki, Atlanta, Ga., for defendant-appellant.

William C. Bryson, Washington, D. C., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Contrary to defendant's argument, a ten-year sentence on a single count charging conspiracy to import both cocaine and marijuana is not a general sentence in violation of *Benson v. United States*, 332 F.2d 288 (5th Cir. 1964). Nor is it an illegal sentence because it exceeds the five-year sentence permitted by 21 U.S.C.A. § 960(b)(2) when only marijuana is involved. The jury by special verdict found that both cocaine and marijuana were the objects of the conspiracy. Fifteen years is the maximum sentence for a cocaine offense. 21 U.S.C.A. § 960(b)(1). The same is true for defendant's ten-year sentence on a single count charging importation of both cocaine and marijuana. The district court's denial of a Rule 35, Fed.R.Crim.P., motion is affirmed.

The special parole term of three years added to the ten-year sentence for conspiracy conviction was imposed improperly under *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), and is hereby vacated. *United States v. Ayala*, 643 F.2d 244, 248 (5th Cir. 1981).

AFFIRMED IN PART; VACATED IN PART.