Arthur Michael NEWMAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 85–2695.

United States Court of Appeals,
Tenth Circuit.

April 22, 1987.

Rehearing Denied May 18, 1987.

Scott H. Robinson of Gerash, Robinson, Miller & Miranda (Michael G. Katz, Federal Public Defender, and Vicki Mandell-King, Asst. Federal Public Defender, also filed a brief), Denver, Colo., for petitioner-appellant.

Douglas W. Curless, Asst. U.S. Atty. (Robert N. Miller, U.S. Atty., with him on the briefs), Denver, Colo., for respondent-appellee.

Before LOGAN, SETH, and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner, Arthur Michael Newman, appeals from an order of the district court dismissing his motion to vacate sentence under 28 U.S.C. § 2255. Petitioner has raised several issues in his pro se petition, in a brief filed for him by the federal public defender's office, and in oral argument and a post-argument brief filed by his newly retained counsel.

After a jury trial, Newman was convicted of conspiring to distribute cocaine, methaqualone, and marijuana in violation of 21 U.S.C. § 846, as well as eight other offenses, including distributing cocaine and methaqualone in violation of 21 U.S.C. § 841(a), and extortion in violation of 18 U.S.C. § 894. The convictions were affirmed by this court on appeal. *United States v. Newman,* 733 F.2d 1395 (10th Cir.1984) (*Newman I*).

■ Petitioner first complains of a conflict of interest arising from his trial counsel's prior association with Jack Hogan, a witness before the grand jury in this case. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Buyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980) (footnote omitted). Petitioner made no objection at trial, and has not shown any actual conflict of interest that adversely affected counsel's performance.

■ Second, petitioner argues that his trial counsel was ineffective, and that at least he should have been granted a hearing on his allegations of counsel's ineffectiveness. But a convicted defendant's claim that his counsel's performance was so defective as to require reversal of a conviction requires both a showing of ineffectiveness and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In our view the errors of counsel alleged by peti-

tioner do not evidence ineffective performance. Moreover, neither petitioner nor his counsel have addressed the prejudice prong of *Strickland.* We hold that the district court did not abuse its discretion in refusing a hearing on the matter. *See United States v. Barboa,* 777 F.2d 1420, 1422 n. 2 (10th Cir.1985).

■ Petitioner also argues, citing 18 U.S.C. § 2517(5), that conversations obtained through electronic surveillance during an investigation for drug law violations were improperly admitted into evidence to support an extortion charge. The problem with this argument, assuming it would otherwise be valid, is that almost none of the evidence relevant to the extortion charge was obtained through electronic surveillance. We have discussed the evidence supporting this conviction in *Newman I,* 733 F.2d at 1402. While some is from an electronic device attached to a witness-party to the conversation with that person's consent, only one reference, identified in *Newman I* as R. VII, 318, *id.,* is from a conversation subject to the cited electronic surveillance statute. That single reference was clearly not important to the government's case. Hence, if there was error in its admission, the error was harmless.[1]

■ Finally, we see no merit in petitioner's argument that count I of the indictment, charging him with conspiracy under § 846 to distribute cocaine, methaqualone, and marijuana, was duplicitous, except as that contention relates to the sentence imposed. We could invoke the concurrent sentence doctrine to deny review of the sentence imposed on count I, because similar and valid concurrent fifteen-year sentences were imposed on other counts. But the concurrent sentence doctrine is "a discretionary and not a jurisdictional bar to review of claims on appeal." *United States v. Montoya,* 676 F.2d 428, 432 (10th Cir.), *cert. denied,* 459 U.S. 856, 103 S.Ct. 124, 74 L.Ed.2d 108 (1982). In recent cases we have declined to apply the doctrine to deny review, because of possible adverse consequences on parole decisions or sentences for later crimes. *Id.; United States v. Varoz,* 740 F.2d 772, 774 (10th Cir.1984). We therefore elect to consider the issue. We agree with petitioner's contention that the trial court erred in imposing a sentence for the conspiracy offense in excess of the five-year maximum prescribed for the two lesser predicate offenses charged in the count (methaqualone and marijuana distribution).

■ When, as here, a defendant is charged with a conspiracy involving both narcotic (cocaine) and nonnarcotic (methaqualone and marijuana) drugs and the jury returns only a general verdict, the sentencing court cannot know for certain whether the fifteen-year maximum sentence for the narcotics or only a five-year maximum sentence for the nonnarcotic drugs is authorized. *See* 21 U.S.C. § 841(b).[2] The use of a special verdict identifying which underlying offenses were the objects of the conspiracy would have eliminated this ambiguity.[3]

In *United States v. Orozco-Prada,* 732 F.2d 1076 (2d Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984), the Second Circuit was confronted with precisely this issue and invalidated the sentence. The court held that when a § 846 count was based on allegations of both cocaine

---

1. We will not discuss petitioner's complaint that the trial court should have held a competency hearing. That was addressed and rejected on direct appeal. *Newman I,* 733 F.2d at 1400–01. Petitioner's objection to the trial court's inaction on his Fed.R.Crim.P. 35 motion has been mooted by the trial court's denial of that motion after the instant appeal was filed.

2. Congress amended § 841(b) after Newman's conviction in 1982. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. II, § 502, 98 Stat. 1976, 2068–69. We apply the earlier version in this case.

3. The government argues that we should affirm because petitioner failed to request a special verdict. *See United States v. Harrell,* 737 F.2d 971, 981 (11th Cir.1984). We believe, however, that a sentence that may be ten years too long potentially affects such a fundamental liberty interest of the prisoner that it warrants treatment as "plain error." *Cf. Orozco-Prada,* 732 F.2d at 1084 (intimating circumstances in which "it would be the government's responsibility to seek special verdicts").

and marijuana distribution, but the jury's general guilty verdict did not specify whether one or both predicate offenses were actually objects of the conspiracy, a sentence in excess of the five-year maximum authorized for the lesser marijuana offense could not stand. *Id.* at 1083–84; *see also United States v. Quicksey*, 525 F.2d 337, 341 (4th Cir.1975) (without a special verdict, a conspiracy conviction which could have been premised on either 18 U.S.C. § 371 or 21 U.S.C. § 846 could not support a sentence in excess of the maximum authorized for § 371, the lesser offense), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976); *Brown v. United States*, 299 F.2d 438, 439–40 (D.C.Cir.) (Burger, J.) (without a special verdict, a general conspiracy conviction under 18 U.S.C. § 371, which could have been premised on any of four underlying offenses, could not support a sentence in excess of the maximum prescribed for the least serious offense), *cert. denied*, 370 U.S. 946, 82 S.Ct. 1593, 8 L.Ed.2d 812 (1962).[4]

We disagree with *United States v. Peters*, 617 F.2d 503 (7th Cir.1980), in which the Seventh Circuit upheld the sentence of a defendant found guilty on a § 846 conspiracy count that incorporated five predicate offenses, several of which prescribed maximum sentences less than the fifteen-year sentence imposed. The court's reasoning in upholding the sentence cannot, we believe, withstand close scrutiny.

First, the court noted that the conspiracy count did not "refer to the five substantive offenses in the disjunctive." *Id.* at 506. This suggests that, because the allegations in the § 846 count conjunctively include all the potential illegal objectives of the conspiracy, the general conviction entails a

finding of guilt as to every objective alleged. Under that reasoning, a jury could not convict a defendant of any conspiracy offense unless every alleged illegal objective of the conspiracy were proven. It is well settled that when an indictment charges a conspiracy to violate more than one statute, the jury may find the defendant guilty if it believes beyond a reasonable doubt that the defendant conspired to violate any one of the cited statutes. *United States v. Lyons*, 703 F.2d 815, 821 (5th Cir.1983); *United States v. Murray*, 618 F.2d 892, 898 (2d Cir.1980). In the case before us, as is standard, the district court explicitly instructed the jurors that the "evidence in the case need not establish that all means or methods set forth in the indictment were agreed upon" to prove the defendant guilty of conspiracy. R.Supp. VI, 685.

The *Peters* court also said that "since the jury convicted defendant of the offenses … that were the objects of the alleged conspiracy, it is reasonable to conclude that the jury found the defendant guilty of a conspiracy to commit [the same]." *Peters*, 617 F.2d at 506; *see also Orozco-Prada*, 732 F.2d at 1084 (distinguishing *Peters*). The government has made the same argument in the instant case. But culpability for conspiracy is not a necessary consequence of a conviction on the predicate offenses. *See United States v. Anderson*, 654 F.2d 1264, 1268–69 (8th Cir.) (§ 846 conspiracy is separate crime from underlying drug offense, requiring proof of at least one element not required by the latter), *cert. denied*, 454 U.S. 1127, 102 S.Ct. 978, 71 L.Ed.2d 115 (1981); *accord United States v. Batimana*, 623 F.2d 1366, 1370 (9th Cir.), *cert. denied*, 449 U.S. 1038, 101 S.Ct. 617, 66 L.Ed.2d 500 (1980); *see also*

---

**4.** This court's decision in *United States v. Dickey*, 736 F.2d 571 (10th Cir.1984), *cert. denied*, 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985), and the Fifth Circuit's decision in *United States v. Gomez-Geraldo*, 652 F.2d 452 (5th Cir. 1981), also support, albeit by implication, the position we take here. Both *Dickey* and *Gomez-Geraldo* recognized the same sentencing problem but were able to avoid it because of the particular circumstances involved. In *Dickey*, we upheld a thirteen-year sentence for a § 846 conspiracy premised on cocaine and marijuana

violations because the amount of marijuana (over 1000 pounds) allowed the court to rely on a special statutory provision prescribing a maximum sentence of fifteen years rather than five years for the "lesser" marijuana offense. 736 F.2d at 597–98. In *Gomez-Geraldo*, the court upheld a ten-year sentence for conspiracy to import cocaine and marijuana under 21 U.S.C. § 960 because the jury returned a special verdict finding both cocaine and marijuana to be objects of the conspiracy. 652 F.2d at 453.

*Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293–94 n. 17, 43 L.Ed.2d 616 (1975) (gambling conspiracy and substantive gambling offenses are separate crimes). "It goes without saying that that sort of conjecture is an impermissible technique in a system of jurisprudence entitling the accused 'to have his guilt found by a jury directly and specifically, and not by way of possible inference.'" *Glenn v. United States,* 420 F.2d 1323, 1325–26 (D.C.Cir.1969) (quoting *United States v. Di Matteo,* 169 F.2d 798, 801 (3d Cir.1948)). Indeed, in *Quicksey,* the court overturned the excessive conspiracy sentences of three defendants even though one defendant was apparently found guilty of the more severe underlying offense. *Quicksey,* 525 F.2d at 341.

In *United States v. Dennis,* 786 F.2d 1029, 1040 (11th Cir.1986), the court upheld a conviction for a similar multiple drug conspiracy, reasoning that "in light of the evidence presented at trial ... there can be no question that the single conspiracy of which all the defendants were convicted was not a conspiracy to distribute only drugs for which no more than five years in prison may be imposed." We do not think it is appropriate for an appellate court to weigh the evidence in the jury's stead. Even if we were to apply this view, however, we would have to vacate the sentences because there was separate evidence of a conspiracy with respect to the lesser marijuana offense. A confidential informant, William Roberts, testified that petitioner sent him to Miami to pick up a truck. R.Supp. III, 215. Roberts was told that he would be "running marijuana" around Denver in the truck, and that his job for defendant would be "pot-running." *Id.* at 216, 231. When Roberts obtained the truck in Florida, it smelled of marijuana. *Id.* at 227. He drove it back to Denver, and turned it over to petitioner. *Id.* at 234.

■ Conspiracy to distribute is not a lesser included offense of distribution, and we cannot infer that the jury found all the requisite elements of conspiracy from the fact that it found petitioner guilty of distributing cocaine. Consequently, even though the indictment for conspiracy listed the narcotic and nonnarcotic predicate offenses conjunctively, and petitioner was found guilty of the predicate offenses, the fifteen-year sentence cannot stand.

■ Other appellate decisions in analagous circumstances have withheld judgment on the conspiracy count for thirty days, giving the government within that time the right to consent to resentencing with a five-year maximum for non-narcotic conspiracy, in lieu of retrial. *See Orozco-Prada,* 732 F.2d at 1084; *Quicksey,* 525 F.2d at 341; *Brown,* 299 F.2d at 440. But we believe that here the uncertainty taints the conviction itself. Therefore, we now vacate petitioner Newman's conviction for conspiracy and remand for a new trial on Count I. In all other respects the judgment of the district court is affirmed.