897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DIEHL and Mary Bennett, Defendants-Appellants.
 Nos. 89-1270, 89-1378.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants John Diehl and Mary Bennett were found guilty of conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. Sec. 846 and of utilizing a communication facility to conspire to distribute cocaine in violation of 21 U.S.C. Sec. 843(b). Both appellants appeal their convictions, and Mr. Diehl also contests the sentence he received. Finding no error in the proceedings, we shall affirm both the convictions and the sentence.
 
 
 2
 Between June of 1986 and April of 1988, Greg Diehl, a brother of appellant John Diehl, headed a drug trafficking ring that brought cocaine from Florida to Michigan for distribution. Dennis Todd became one of the ring's major distributors in Michigan. His girl friend, Patricia Borch, sold drugs on Todd's behalf from her residence.
 
 
 3
 Dennis Britton, an unindicted co-conspirator, was one of Greg Diehl's principal customers for cocaine. The evidence at trial showed that on several occasions when Greg Diehl was out of town, defendant John Diehl picked up cocaine from Todd for Britton and also accompanied Britton to Borch's residence to obtain cocaine.
 
 
 4
 During the course of the investigation, the government tapped the telephones of both Todd and Borch, recording their conversations on tape. The wiretap produced 22 taped conversations where defendant John Diehl attempted to get cocaine or marijuana from either Todd or Borch. Seven of the intercepted calls involved conversations between defendant Mary Bennett and Borch. During these conversations, the sale and distribution of "cheese balls" was discussed; "cheese ball" appears to have been a code name for a controlled substance.
 
 
 5
 On April 12, 1988, John Diehl's home was searched pursuant to a valid search warrant. Although no drugs were found, the government seized certain drug paraphernalia, including two scales, plastic bags, books, records, and a bottle of Inositol.
 
 
 6
 In May of 1988, a grand jury issued an indictment charging more than 20 people with conspiracy to commit drug-related offenses. In a superseding indictment, defendant Diehl was charged with one count of conspiracy to distribute cocaine and marijuana and three counts of using a communication facility to distribute cocaine. Ms. Bennett was charged with one count of conspiracy to distribute cocaine and marijuana and with two counts of illegal utilization of a communication facility.
 
 
 7
 The defendants were tried before a jury. At trial, defendant Diehl objected to the admission of numerous tapes stemming from the wiretap; he claimed that the tapes in question dealt with his own marijuana business and were thus unrelated to the cocaine conspiracy with which he was charged. The tapes were played in their entirety at trial, subject to a later determination of their admissibility. Subsequently, the trial judge determined that four of the tapes were inadmissible for the reason asserted by the defendant. The jury was given a limiting instruction to this effect.
 
 
 8
 The jury returned guilty verdicts against both defendants on the conspiracy charge and found Mr. Diehl guilty of two of the communication facility charges and Ms. Bennett guilty of one such charge.
 
 
 9
 Mr. Diehl was sentenced to 70 months' imprisonment on the conspiracy charge and was given a concurrent 48-month term for the communication facility charges. He was also given a three-year period of supervised release. Ms. Bennett received three years probation on both of the counts of which she was convicted. These appeals followed.
 
 
 10
 Mr. Diehl's first contention on appeal is that the district court erred in tentatively admitting the four tapes that were later excluded. And instead of giving the jury a cautionary instruction to the effect that evidence stemming from the excluded tapes should not enter into its decision-making process, Mr. Diehl contends, a mistrial should have been granted.
 
 
 11
 Federal Rule of Evidence 801(d)(2)(E) creates a hearsay exception for statements made "by a co-conspirator of a party during the course and in furtherance of the conspiracy," and it was on this basis that the tapes were tenatively admitted. In United States v. Vinson, 606 F.2d 149, 153 (6th Cir.1979), cert. denied, 444 U.S. 1074 (1980), this court stated:
 
 
 12
 "The judge may also, as was done here, admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence. If this practice is followed, the court should stress to counsel that the statements are admitted subject to defendant's continuing objection and that the prosecution will be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant and that the statement was made in the course and in furtherance thereof. At the conclusion of the government's case-in-chief, the court should rule on the defendant's hearsay objection. If the court finds that the government has met the burden of proof described in Enright, it should overrule the objection and let all the evidence, hearsay included, go to the jury, subject, of course, to instructions regarding the government's ultimate burden of proof beyond a reasonable doubt and the weight and credibility to be given to co-conspirators' statements. If, on the other hand, the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice. " (Emphasis supplied.)
 
 
 13
 If a cautionary jury instruction adequately protected Mr. Diehl from prejudice, no error occurred.
 
 
 14
 The trial judge determined that a cautionary jury instruction was sufficient. We cannot say the court erred in this judgment. Only four of the 22 taped conversations in which John Diehl took part were excluded, and the subject matter of the excluded tapes was similar to that of the tapes admitted into evidence--all of the tapes concerned drug distribution, and the marginal impact of the four tapes in question could not have been great. (The trial judge might well have ruled, moreover, that there was only one conspiracy--in which event all of the tapes would have been admissible anyway.) Although, as Mr. Diehl suggests, the trial judge might have held a mini-hearing to determine the admissibility of the tapes, his actions were in conformity with Vinson, supra. Nothing in the record before us indicates that the court's cautionary jury instruction failed adequately to protect the defendant from prejudice.
 
 
 15
 Mr. Diehl's second ground for appeal is that the trial court erred in not giving the jury a special instruction as to whether his involvement in the conspiracy included cocaine or marijuana. (The base offense level under the Sentencing Guidelines is lower for conspiracy to distribute marijuana than it is for conspiracy to distribute cocaine.) In making this argument, Mr. Diehl relies heavily on United States v. Alvarez, 735 F.2d 461 (11th Cir.1984), and Newman v. United States, 817 F.2d 635 (10th Cir.1987). In both cases, the defendant was charged with conspiracy to distribute several kinds of drugs. In both cases, the court noted that conspiracy to commit only one offense was needed to convict. In each case, a general verdict of guilty was returned, and sentencing difficulties arose as a result.
 
 
 16
 The case at hand is factually distinguishable from both Alvarez and Newman. Because of a question from the jury, the court in this case twice instructed the jury that it could not find the defendant guilty at all unless it found that he was "a member of the conspiracy for the purpose of obtaining cocaine for distribution to one or more other person." If the jury was confused initially, we fail to see why repetition of the court's very clear instruction on this point should not have sufficed.
 
 
 17
 Finally, Mr. Diehl challenges his sentence on the ground that he had no knowledge of or personal involvement with an amount of cocaine in excess of 49 grams. He contends that his offense level under the Sentencing Guidelines should be 14, indicating that between 25 and 49 grams of cocaine were involved. Finding that Mr. Diehl had "knowledge that there was at least two kilograms involved in the conspiracy", the court arrived at a base offense level of 28. The court then reduced this by two points for Diehl's small role in the conspiracy. As a level 26, category II offender, he was sentenced to 70 months' imprisonment, the bottom end of the 70 to 87-month range provided by the guidelines.
 
 
 18
 The Sentencing Guidelines provide that the defendant in a conspiracy case shall be sentenced not only for conduct in which he directly participates, but also for conduct by others that furthered the conspiracy and of which the defendant was aware or which he could reasonably have foreseen. See Application Note 1 to Sec. 1B1.3. The trial judge determined that Diehl was aware of the additional cocaine. Absent clear error, this court cannot reverse the district court's findings of fact. United States v. Perez, 871 F.2d 45, 47 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989). Here there is evidence, including taped conversations between the defendant and Mr. Todd, that supports the district court's factual findings. The sentence must therefore be affirmed.
 
 
 19
 We turn now to the appeal of Mary Bennett. Ms. Bennett argues that the trial court erred when it refused to grant her motion for a judgment of acquittal following the government's proofs at trial. The only evidence against her, she says, are seven telephone calls between herself and Patricia Borch, and these calls are not enough to support a conviction for conspiracy to distribute cocaine. At most, she contends, the phone calls demonstrate that she purchased some controlled substance for personal use.
 
 
 20
 Federal Rule of Criminal Procedure 29(a) states in relevant part:
 
 
 21
 "(a) Motion Before Submission to Jury. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."
 
 
 22
 Although Ms. Bennett made her Rule 29(a) motion at the conclusion of the government's proofs, she did not renew it at the close of all proofs. The rule is settled that the failure to renew a Rule 29 motion at the close of all evidence constitutes a waiver of this claim on appeal, absent a total miscarriage of justice. In United States v. Faymore, 736 F.2d 328 (6th Cir.), cert. denied, 469 U.S. 868 (1984), this court stated "Absent a manifest miscarriage of justice, we are unable to review the district court's denial of a Rule 29 Motion where the defendant did not renew that Motion at the close of all of the evidence." Id. at 334 (emphasis in original); see also, United States v. Rodriguez, 882 F.2d 1059, 1063 (6th Cir.1989), cert. denied, 58 U.S.L.W. 3527 (1990); United States v. Van Dyke, 605 F.2d 220, 225 (6th Cir.), cert. denied, 444 U.S. 994 (1979).
 
 
 23
 The sole ground on which Ms. Bennett can request reversal, therefore, is the claim that the failure to grant the Rule 29 motion resulted in a "manifest miscarriage of justice." In light of the evidence on the record before us, we find this claim is unconvincing.
 
 
 24
 The sentence of Mr. Diehl and the convictions of both defendants are AFFIRMED.