See also 961 F.2d 211.

**UNITED STATES of America**

v.

**Harry Ronald RICE.**

Nos. C–CR–90–114–P, 3:92CV407–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 19, 1993.

Harry Ronald Rice, petitioner pro se.

Gretchen C.F. Shappert, Charlotte, NC, for respondent.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on the Memorandum and Recommendation ("M & R") entered by Magistrate Judge Paul B. Taylor on January 27, 1993. Magistrate Taylor entered the M & R in response to Petitioner's motion to vacate, set aside or correct sentence (the "Motion") pursuant to 28 U.S.C. § 2255 (West 1991) filed on October 29, 1992. Petitioner filed objections to the Magistrate's M & R on February 3, 1993. The United States (the Government) also filed objections to the M & R on February 5, 1993. Petitioner has also filed a motion for recusal on January 19, 1993, which asks this Court to recuse itself from ruling on the present M & R.

Title 28, United States Code, Section 636(b) permits the Court to designate a magistrate to conduct hearings and to submit to the Court proposed findings of fact and recommendations for the disposition by the Court of any motion for post-conviction relief filed by an individual convicted of a criminal offense. The magistrate is required to file his proposed findings and recommendations. Within ten (10) days after being served with a copy, any party may file written objections to the proposed findings and recommendations. The Court must then conduct a *de novo* review of the matters to which Petitioner has objected. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The Court may also receive further evidence or recommit the matter to the magistrate with instructions.

In the instant matter, Petitioner and the Government have filed objections to the M & R. Accordingly, the Court has conducted a *de novo* review of the matters raised in the M & R, as well as Petitioner's and the Government's objections. In conducting its *de novo* review of these matters, the Court has considered carefully the record, including the motion to vacate, set aside, or correct sentence, the Government's and Petitioner's objections to the M & R and the M & R itself. The Court also has reviewed the pertinent legal authorities. After conducting this *de novo* review, this Court believes that the record supports the Magistrate's findings of fact. However, the Court believes the Magistrate incorrectly applied the law as to Petitioner's claim that he was illegally sentenced. The Court believes the Magistrate has applied the law correctly to all ·remaining claims raised by Petitioner.

## ANALYSIS

### 1) The Recusal Motion

■ Initially, the Court will consider Petitioner's motion to recuse. Clearly, 28 U.S.C. § 2255 rests the authority to hear a motion to correct an illegal sentence with "the court which imposed the sentence...." 28 U.S.C. § 2255 (West 1991). Petitioner does not dispute that this Court sentenced him. It is long established that, [t]he very purpose of Section 2255 is to hold any required hearing in the sentencing court." *United States v. Hayman,* 342 U.S. 205, 220, 72 S.Ct. 263, 273, 96 L.Ed. 232 (1952). Plainly, all the law is against Petitioner's argument that this Court should recuse itself. Indeed, the Court doubts whether it has the authority to grant the recusal motion.

In any case, assuming the Court could grant the recusal motion, the Court finds Petitioner's motion for recusal submits no legally sufficient basis for the Court to conclude either that a recusal is warranted in law or that Petitioner has reasonable grounds for believing this Court will not im-

partially review his § 2255. The bare fact that Petitioner does not wish this Court to review his § 2255 does not entitle him to a recusal. Therefore, his motion for recusal will be denied.

2) Preliminary Discussion

The Court believes, for reasons stated below, the Magistrate incorrectly applied the law as to Petitioner's claim that he was illegally sentenced for the conspiracy charges in count one of the indictment.

The Government charged Petitioner in count one of the indictment with conspiring, in violation of 18 U.S.C. § 371, to commit three felonies and one misdemeanor. The indictment also charged three separate counts each respectively accusing Petitioner of three substantive counts—two felonies and one misdemeanor—at which the § 371 charge in count one was directed.[1]

While deliberating, the jury inquired of the Court whether, "if [the Defendant is] guilty on just one charge of a certain count is he guilty on the entire count?" Transcript p. 422. Defense counsel then said to the court, "Judge I would ask you not to answer that yes or no." Transcript at 423. The Court then re-instructed the jury on conspiracy law. The jury then returned to continue deliberating at 2:00 p.m. At 2:05 p.m., the jury returned a verdict of guilty on all counts. At Defendant's request, all jurors were polled and answered that this was their verdict. The jury returned a general verdict of guilty on count one without specifying whether they intended to convict Petitioner of felony conspiracy alone, misdemeanor conspiracy, some combination of felony and misdemeanor conspiracy or all of the objects of the charged conspiracy. The jury also convicted Petitioner in the three separate counts of the substantive crimes at which the conspiracy charge in count one was aimed. In any case, Petitioner did not object to either the form of the indictment, or the Court's instructions on count one. Furthermore, Petitioner at no time requested a special verdict

on count one and never objected to the general verdict.

Therefore, the sole issue presented to the Court by the instant appeal from the Magistrate's M & R is this: Where a general verdict of guilty is given on a multiple object conspiracy count charging some felony objects and one misdemeanor object, must the court sentence the defendant solely for the misdemeanor conspiracy. That is, in such a case, must the court exclusively sentence the defendant for the misdemeanor conspiracy charge where the jury returned a general verdict of guilty.

The Court believes Petitioner's counsel may have had good strategic reasons for declining to request a special verdict. Had counsel requested a special verdict, Petitioner would have faced the distinct possibility that the jury would convict him of conspiring to commit at least one, and possibly more, of the alleged object crimes. However, if he refrained from requesting a special verdict he stood to gain a good deal by having the jury return a not guilty verdict because it either believed he conspired to commit some but not all of the object crimes or none of the object crimes. Whatever the case, Petitioner's strategic reasons for doing what he did are at least as good as the alternative courses of action. However, the Court need not pass upon the advisability of Petitioner's chosen strategy. Instead, the Court must decide whether the consequences of Petitioner's strategy—the resulting sentence imposed after the jury handed Petitioner a general verdict of guilty on count one—was illegal.

The Court notes that the M & R, correctly, refrains from recommending that Petitioner's conviction be vacated. The M & R only recommends a resentencing which imposes a sentence solely for the least serious conspiracy charge in count one. The M & R properly recognizes that "[i]t is not unlawful to charge multiple violations under one conspiracy count." (M & R at p. 3) However, the M &

---

1. Petitioner was charged with conspiring to commit the following felony crimes: 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering), 18 U.S.C. § 1905 (disclosure of confidential information regarding official investigation), 18 U.S.C. § 241 (defrauding the United States). He was also charged with conspiring to commit the following misdemeanor crime: 18 U.S.C. § 1030(a) (unlawfully accessing government computers).

R relies on *Newman v. United States*, 817 F.2d 635 (10th Cir.1987) and *United States v. Cooper*, 966 F.2d 936 (5th Cir.1992) to conclude that Petitioner must be resentenced because "serious due process problems arise when the sentencing court is allowed to replace the fact-finding role of the jury and to find on its own that a general jury verdict should be interpreted as a felony conviction." (M & R p.6)

Furthermore, the Magistrate found that Sentencing Guideline 1B1.2(d) should be found unconstitutional as applied in this case because it appears irreconcilable with the case law. Finally, the Magistrate found potential deprivation of the Seventh Amendment right to a jury trial where a court, in accord with 1B1.2(d), "find[s] sufficient evidence to sentence defendant on the felony ..." rather than leaving that finding to the jury. (M & R p.8). While the Court believes the Magistrate rightly concluded no illegality is presented by the multiple object conspiracy charges and the resulting conviction, it concludes Petitioner has been deprived of no constitutional right in his sentencing or conviction. Specifically, the Court finds U.S.S.G. § 1B1.2(d) is constitutional. Furthermore, the Court believes the Magistrate has relied on case law which, in the Court's estimation, is inapt to the instant matter.

3) The Legality of the Sentence Imposed for Count One

In *Griffin v. United States*, —— U.S. ——, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the United States Supreme Court affirmed the general verdict conviction of a defendant charged in a one count, multiple-object § 371 conspiracy. The question presented to the Court was, "whether a general verdict of guilty under the circumstances such as existed here 'is reversible....'" under the Due Process Clause of the Fifth Amendment and the Sixth Amendment right to a jury trial. *Griffin*, 112 S.Ct. at 468.

■ The *Griffin* Court noted that the Sixth Amendment jury trial provision was not implicated by a general verdict of guilty in conspiracy cases since, "the alleged defect here is not that a jury determination was denied but rather that a jury determination was permitted...." *Griffin*, 112 S.Ct. at 469. Likewise, Petitioner can state no deprivation of a right to trial by jury since what he complains of—his sentencing—is the result of his comprehensive enjoyment of the right to a jury trial. It is clear that a jury trial for sentencing is not a constitutional right in Petitioner's case. Therefore, the Court finds no deprivation of a constitutional right to a jury trial is presented in this case.

■ As to any Due Process claim raised in the instant matter, the *Griffin* holding is instructive. In *Griffin*, the Court relied heavily upon common law precedent predating the Declaration of Independence and *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970) to determine whether the Due Process clause had been violated. In light of the common law, cast upon the Due Process clause, the Court held that such a conviction is not reversible if it is legally valid (i.e. the indictment states a crime). *Id.* 112 S.Ct. at 469, 470. Similarly, the Fourth Circuit has taken the position that a guilty verdict on a multi-object conspiracy count "compels.... revers[al] where a jury verdict renders it impossible to say whether the defendant was convicted under an erroneous or a valid view of the law." *United States v. Head*, 641 F.2d 174 (4th Cir.1981). However, the *Head* decision accords with the *Griffin* holding where the substantive crimes underlying the multi-object conspiracy charge are legally valid and the conviction is supported by the evidence.

The *Turner* Court held that " 'when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged.'" *Turner v. United States*, 396 U.S. at 420, 90 S.Ct. at 654. The *Turner* holding convinced the *Griffin* Court that such a conviction would be valid if the evidence was sufficient to support the conviction. *Id.* 112 S.Ct. at 472, 473.

Therefore, the *Griffin* Court decided the constitutionality of a general guilty verdict which goes to the conviction, but did not directly address the matter of sentencing for such a conviction. However, the Court be-

lieves the reasoning in *Griffin* and other cases provide insight for the present inquiry.

■ An implied premise of Petitioner's claim for relief, and the Magistrate's M & R, is that the jury verdict at issue here is ambiguous. That is, it appears uncertain exactly what Petitioner was convicted of having conspired to do. Petitioner wonders: Was he convicted of felony conspiracy or misdemeanor conspiracy? Both Petitioner and the Magistrate believe the principle of lenity counsels that Petitioner be sentenced for the crime carrying the least punitive sanction. The Court disagrees. The principle of lenity applies solely to the construction of an ambiguous statute. "[Courts] should apply the rule of lenity, . . . only if the statute's legislative history is ambiguous on the question of multiple punishments." *United States v. Gonzalez,* 810 F.2d 1538, 1545 (11th Cir.1987). However, with respect to ambiguous verdicts, "[t]he verdict must be read as guilty 'as charged in the indictment' . . . and here the indictment, . . . charged a felony." *Williams v. United States,* 238 F.2d 215, 220 (5th Cir.1956). Once a jury returns its verdict, all ambiguity vanishes in light of the law.

Jury verdicts are presumed unambiguous in law where they are supported by sufficient evidence to overcome a motion for judgment of acquittal and a legally valid indictment for two reasons. First, juries have historically demonstrated their integrity and trustworthiness in deciding factual issues. Under our law, juries are charged with a legal duty to consider all the evidence and all indictment charges. The history of our jury system counsels that juries faithfully follow this legal duty. Indeed, our jury system has endured over time precisely because juries have consistently, with uncommon integrity, executed their legal responsibilities as fact finders. The law is thus entitled to presume a jury considered all the evidence and the indictment charge(s) and returned its guilty verdict only after having been persuaded beyond a reasonable doubt about *all* the law and facts placed before it.

Second, any ambiguity presented by a jury verdict would primarily arise from considering what is implicated by something quite irrelevant to the law—the jury's deliberations. That, of course, is what Petitioner invites the Court to do in this case. Petitioner wishes the Court to assume the verdict against him is ambiguous because of the jury's question while deliberating. The Court is convinced that Petitioner has no due process right to be sentenced based upon an inquiry into jury deliberations. This Court is without authority to sentence a defendant based upon jury deliberations.

Clearly, a court cannot resolve an alleged ambiguity by relying upon matters outside its scope of review (i.e. jury deliberations) under the guise of doing what is properly within its power—deciding the law. That is, a decision founded upon a reading of the tea leaves presented by segments of a jury's deliberations is not a ruling on the law, but an illicit ruling on, at best, courtroom conjecture. It is not for a court, or for a defendant, to speculate concerning the inscrutable deliberations of a jury. Such judicial guess-making is in vain since it concerns matters which are unknowable to courts by virtue of the absolute privacy afforded a deliberating jury. Accordingly, the law presumes the jury considered the least serious crime as weightily as the most serious crime. What a jury might have done, or even thought it did, is irrelevant to the law. The law is only concerned with, and due process entitles a defendant to, only what a jury in fact does in view of the relevant law and evidence.

In this case, the jury returned a guilty verdict on a single count, multi-object conspiracy charge and this is all the law must concern itself with. If it were for the court to undertake such conjecture, there would be little use in presenting evidence and indictments to juries. After all, if a court ever had a doubt about what the jury meant when it said "guilty," it could simply implement what it thought the jury could have meant in view of the court's analysis of the facts and the law. But the law requires courts to implement what juries did, not what courts think or wish they did. In this case, Petitioner does not challenge the legal validity of the statutes under which he was convicted. He does not even challenge the fact of his conviction. Petitioner simply challenges the severi-

ty of the crime for which the jury convicted him of and this Court sentenced him.

The *Williams* Court was similarly faced with a defendant charged in a one count indictment accusing him of conspiracy to commit six felonies and one misdemeanor. *Id.* at 217. The defendant was convicted on that count by a general verdict. The *Williams* appellant worried, "that the jury's simple verdict of guilty on the charge of conspiracy, ... left open the possibility that the jury convicted him of that part of the conspiracy to violate the misdemeanor statute only." *Id.* The appellant complained that he was wrongly sentenced to three years imprisonment on the felony conspiracy object. The *Williams* Court answered its appellant unambiguously by stating, "The rule appears to be that if the verdict is patently ambiguous some rules of construction may be applied to it, principal among which is the rule of guilty of the highest degree of the crime charged...." *Id.* at 220. Indeed, the Court went on to say,

> There is no power in the trial or appellate courts to speculate about what the jury might have based their verdict on in view of the erroneous charge, and here the appellant wishes this Court to take the 1:126 chance that the jury found him guilty only of a misdemeanor. *Id.*

The Court has no doubt, in light of the *Williams* ruling, the indictment as charged, and the evidence in the record, concerning what Petitioner was convicted of. Petitioner was convicted of conspiracy to commit all the felonies and one misdemeanor as charged.

The Ninth Circuit was confronted with a similar question as that addressed by the *Williams* Court in *United States v. Tham,* 960 F.2d 1391 (9th Cir.1991). In *Tham,* the defendant was charged with a § 371 multi-object conspiracy involving several felonies. The defendant was sentenced for both conspiratorial objects charged in the § 371 count. The defendant complained the jury did not specify which conspiracy he was convicted of. *Id.* at 1399. The *Tham* Court, citing as its authority U.S.S.G. § 1B1.2(d), said, "Where a jury's verdict fails to specify which of the charged offenses were the objects of the conspiracy, then the defendant

may be convicted of those object offenses which the court, were it sitting as a trier of fact, would convict the defendant." *Id.* at 1400. The *Tham* Court went on to uphold the defendant's sentence for commission of two conspiracies as charged in the indictment. *Id.* at 1401.

In *United States v. Dennis,* 786 F.2d 1029 (11th Cir.1986), the Eleventh Circuit was faced with a defendant charged in a single count, multi-object 21 U.S.C. § 846 conspiracy to possess with intent to distribute cocaine, heroin and marijuana. The *Dennis* defendant faced a sentence of five years if he was convicted of only the marijuana conspiracy but faced fifteen years if he was convicted of the cocaine or heroin conspiracy. The trial court sentenced the defendant to ten, seven and four year consecutive sentences. The defendant objected claiming,

> in the absence of a special verdict indicating which of the four object drugs listed in Court One of the indictment were found to have been objects of the conspiracy of which he was convicted, the court could not know whether the jury had found the defendants guilty of participation in a conspiracy whose objects included the distribution of heroin or cocaine, as the sentencing judge assumed, or whether the jury instead intended to convict the defendants of a conspiracy to distribute only marijuana. *Id.* at 1038.

The *Dennis* Court answered this concern by saying the sentencing was legally permissible. That Court went on to say,

> It must also appear that the evidence would support such a construction of the verdict actually obtained. In the absence of the latter, there can be no genuine ambiguity in the jury's verdict, as any purported ambiguity would only have been created by a reading of the verdict that was not supported by the evidence in the case. *Id.* at 1039.

The *Dennis* Court seemed to say that every object offense of a general multi-object conspiracy verdict that is supported by the evidence is fair game for sentencing purposes.

These holdings become even more cogent when considered in light of one case which

informed the *Griffin* holding. In *Claassen v. United States*, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966 (1891), the Supreme Court observed, "it is settled law in this court, and in this country generally, that in any criminal case a general verdict *and judgment* on an indictment ... containing several counts cannot be reversed on error, if any one of the counts is good and warrants the judgment, because, in the absence of anything in the record to show the contrary, **the presumption of law is that the court awarded sentence on the good count only.** *Id.* at 146, 12 S.Ct. at 170 (emphasis added). Plainly, the *Claassen* Court viewed both the conviction and sentencing on a general verdict of guilty as legitimate so long as it was warranted by the evidence. This case, cited favorably in *Griffin*, 112 S.Ct. at 469, provides evidence that this view of the law has endured the test of time and remains authoritative by virtue of its independent cogency and the recent sanction of the Supreme Court.

The cases cited above provide the Court with three alternative approaches. The *Williams* approach counsels that any ambiguity in single count, multi-object general verdicts be resolved by presuming the jury found guilt in the highest degree. The *Tham* Court approach advocates resolving such ambiguous verdicts by holding the defendant liable for the offense which the court, if sitting as a fact finder, would convict. Finally, the *Dennis* method requires that such ambiguity be resolved by a finding of the court that defendant be convicted of all object offenses supported, beyond all reasonable doubt, by the evidence.

The Court believes all three approaches bear admirable advantages. The Court is persuaded, however, that the approach which permits the most judicial deference to the fact finder is the best. That approach, already longstanding precedent in the 5th Circuit, is the *Williams* approach which advocates finding guilt in the highest degree. This method has many features which recommend it; most notably its tendency to remove from judges the power to do what juries ought to do, and to introduce maximum neutrality into judicial application of law. Courts are equipped to decide issues of

law and juries are designed to resolve issues of fact. Law restrains the courts, facts reign in juries. Similarly, judges ought to decide legal issues, not whether an accused is guilty or innocent of any number of an assortment of charges. As the Supreme Court observed in *Griffin*,

Jurors are not equipped to determine whether a particular theory of conviction submitted to them is contrary to law— whether, for example, the action in question is time barred, or fails to come within the statutory definition of the crime. When, therefore, jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error. Quite the opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors are well equipped to analyze the evidence. *Griffin*, 112 S.Ct. at 474.

The *Williams* approach permits juries to do what they do best, find and decide facts. It also permits courts to do what they do best, observe the law. Where, as here, a jury is presented with adequate evidence to support the most serious offense in a single count, multi-object conspiracy charge, a court must presume in law that the jury's general verdict was intended to convict the defendant of the most serious offense. Accordingly, the Court holds that when sentencing under Sentencing Guideline 1B1.2(d), courts must read that guideline in light of *Williams* and impose a sentence for the highest object offense charged in a multi-object, single count conspiracy. Therefore, the Court believes Petitioner's sentence on count one of the indictment must stand as originally given.

Accordingly, the Court modifies the M & R and reinstates Petitioner's original sentence for his conviction on count one of the indictment. However, the Court believes the Magistrate correctly applied the law to the remaining issues and affirms the M & R's recommendation that Petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel be denied.

NOW, THEREFORE, IT IS ORDERED that the Magistrate's Memorandum and Rec-

ommendation be, and hereby is, MODIFIED TO REINSTATE PETITIONER'S SENTENCE ON COUNT ONE. IT IS FURTHER ORDERED, that the Magistrate's Memorandum and Recommendation be, and hereby is, AFFIRMED AND ADOPTED in its entirety as to all remaining issues.

IT IS FURTHER ORDERED that Petitioner's motion to vacate, set aside or correct sentence be DISMISSED.

IT IS FURTHER ORDERED that Petitioner's motion that this Court recuse itself be, and hereby is, DENIED.