299 F.2d 438
 John T. BROWN, Appellant,
v.
UNITED STATES of America, Appellee.
George C. CARTER, Appellant,
v.
UNITED STATES of America, Appellee.
Benjamin T. THORNTON, Appellant,
v.
UNITED STATES of America, Appellee.
Charles J. THORNTON, Appellant,
v.
UNITED STATES of America, Appellee.
Carlton BRYANT, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 16135-16139.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 29 and September 27, 1961.
 Decided January 12, 1962.
 Judgment February 6, 1962.
 
 Messrs. John A. Shorter, Jr., and Roy M. Ellis, Washington, D. C., with whom Mr. James H. Raby, Alexandria, Va., was on the brief, for appellants.
 Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Charles T. Duncan, Asst. U. S. Atty., were on the brief, for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, and Mr. Carl W. Belcher, Asst. U. S. Atty. at the time the record was filed also entered appearances for appellee.
 Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 The five appellants in this case were tried jointly with others[1] under a thirty-seven count indictment charging a conspiracy to violate narcotics laws and charging thirty-six substantive violations of the narcotics statutes. Appellants were found guilty by a general verdict as to all counts in which they were charged. They were sentenced as follows:
 
 
 2
 John T. Brown, $10,000 fine and 18
 No. 16135 years on count 1.

 Carlton Bryant, 18 years on count 1
 No. 16139

 Charles Thornton, 18 years on certain
 No. 16138 counts to
 run concurrently
 with 3-9 years
 on remaining
 counts.

 Benjamin Thornton, 18 years on certain
 No. 16137 counts to
 run concurrently
 with 3-9 years
 on remaining
 counts.

 George Carter, 12 years concurrent
 No. 16136 on his
 counts.
 
 
 3
 The multiple errors alleged on the record before us include the failure of the trial judge to give a requested instruction to the jury in timely fashion as to what value to attach to co-conspirator's statements before a conspiracy had been fully made out by the prosecution; his admission of a co-conspirator's post-arrest confession, of certain government testimony characterized as hearsay, and of evidence allegedly obtained in violation of the Federal Communications Act of 1934, 48 Stat. 1103 (1934), 47 U.S. C.A. § 605; his refusal to hold a hearing, out of the jury's presence, on the admissibility of this latter evidence; his limitation of the cross-examination of a government witness; his refusal to allow special verdicts as to two of the appellants on the general conspiracy count of the indictment, and finally the imposition of sentences in excess of statutory authority as to two defendants. After thoroughly examining the record relating to each of the numerous contentions, we find them without merit except as to the sentences affecting appellants Brown and Bryant in Nos. 16135 and 16139, respectively.
 
 
 4
 When these appeals were first argued, some doubt appeared as to the position of the government with respect to the correctness of the sentences imposed on appellants Brown (No. 16135) and Bryant (No. 16139), who were charged only under Count 1 of the indictment. By sua sponte order we set the cases of these two appellants for reargument solely on the question of the sentences imposed. The government then filed a memorandum on this question indicating the prosecution's views had altered and that as to these two appellants the language of the indictment compelled "the conclusion that only one offense [was] alleged" that being "a conspiracy to violate the laws of the United States." [Government memo filed July 6, 1961.]
 
 
 5
 The government's position on reargument is that if the four statutes referred to in the charging portion of the indictment, 18 U.S.C. § 1403; 26 U.S.C. §§ 4705(a) and 4704(a); and 21 U.S.C.A. § 174, defined substantive offenses only, sentence under Count 1 of the indictment could only be imposed under the general conspiracy statute, 62 Stat. 701 (1948), 18 U.S.C. § 371 (1958). However, as the government points out, of these four statutes named in Count 1, three define and interdict not only substantive offenses but also conspiracies to commit these substantive offenses. Only the remaining statute, 18 U.S.C. § 1403, is limited to outlawing a substantive offense alone. Conspiracy to violate this latter statute also carries the lowest maximum penalty of the four statutes, i. e., five years imprisonment. 26 U.S.C. § 4705(a) violations, on the other hand, are punishable by five to twenty years for either the substantive offense or the conspiracy to commit it; similarly, a 26 U.S.C. § 4704 (a) violation carries a two to ten year sentence for either the substantive offense or conspiracy;[2] and 21 U.S.C.A. § 174 imposes five to twenty years for either the substantive offense or the conspiracy.
 
 
 6
 Consequently, conviction for a general conspiracy under 18 U.S.C. § 371 to violate any of these three combination conspiracy-substantive offense statutes ipso facto incurs the penalty for conspiracy contemplated by the particular statute found violated among these, which at maximum will be heavier than the five years that can be given under 18 U.S.C. § 371. See United States v. Galgano, 281 F.2d 908, 910 (2d Cir. 1960), cert. denied, Carminati v. United States, 366 U.S. 960, 81 S.Ct. 1916, 6 L.Ed.2d 1253 (1961); Rule 7(c), Fed.R.Crim.P., 18 U.S.C. But if the conspiracy found under 18 U.S.C. § 371 had as its sole object the violation of 18 U.S.C. § 1403, the maximum penalty can be no more than five years. The crux of our problem is that in finding Brown and Bryant guilty as charged under Count 1 of the instant indictment, there being no special verdict as requested, the jury did not say whether this meant Brown and Bryant conspired to violate one or more of the three heavy penalty conspiracy statutes, or merely to commit the substantive offense set forth in 18 U.S.C. § 1403. Of course, the jury may have found that the conspiracy existed as to all the statutes named in the count. The important point is that under the instruction given it the jury may have found guilt only as to the conspiracy to commit acts prohibited by 18 U.S. C. § 1403. Only a special verdict would reveal to us this essential information.
 
 
 7
 Confronted by this ambiguity, we are urged to follow United States v. Shackelford, 180 F.Supp. 857 (S.D.N.Y.1957), where the court met an identically uncertain jury finding under a general verdict with a holding to sentence the defendant under the least severe of the statutes involved. In the instant case that holding would apply to the general conspiracy statute, 18 U.S.C. § 371. Since the record contains evidence from which a jury might appropriately find guilt as to offenses punishable by more than five years, we think the ends of justice will best be served by withholding entry of our judgment in No. 16135 and No. 16139 for 30 days to permit the government to consider whether to consent to the re-sentence of appellants Brown and Bryant under 18 U.S.C. § 371. In the event the government within that time files its consent in this court to such re-sentence of appellants Brown and Bryant, we will affirm the conviction of the appellants but will remand to the District Court to re-sentence appellants under that section. In the event the government does not so consent we will reverse the judgments as to appellants Brown and Bryant and remand their cases to the District Court with directions to award them a new trial.[3]
 
 
 8
 Nos. 16136, 16137 and 16138 are affirmed.
 
 
 9
 Entry of judgment in Nos. 16135 and 16139 temporarily withheld.
 
 
 
 Notes:
 
 
 [1]
 Other named defendants were Harold Foster, Sylvester Wallace, who entered pleas of guilty at the beginning of the trial, and Ellsworth Hollman who had not been apprehended
 
 
 [2]
 The penalties for violations of 26 U.S.C. §§ 4705(a) and 4704(a) are assessed under 26 U.S.C. § 7237 (1958), 70 Stat. 568 (1956)
 
 
 [3]
 Whether in the event of a new trial the government elects to proceed under the present indictment aided by special verdicts, or in the alternative seeks a new indictment, is a determination properly left to the discretion of the United States Attorney
 
 
 
 10
 PER CURIAM.
 
 JUDGMENT
 
 11
 Entry of judgment by this court in the above-entitled cases [Nos. 16135 and 16139] having been temporarily withheld on January 12, 1962, to permit the United States to consider whether to consent to the resentence of the appellants under 18 U.S.C. § 371, and the United States Attorney having filed such consent on behalf of the United States on January 22, 1962, it is now
 
 
 12
 ORDERED and ADJUDGED by this court that the adjudications of conviction of appellants are hereby affirmed, but the sentences of appellants are hereby vacated and their cases are hereby remanded to the District Court with directions to resentence appellants under Title 18 U.S.C. § 371.