UNITED STATES of America,
Plaintiff–Appellee,

v.

Vincent EDWARDS, Reynolds A. Winters-
mith, Horace Joiner, Karl V. Fort, and
Joseph Tidwell, Defendants–Appellants.

Nos. 94–3805, 94–3833, 94–3952,
94–3953, 95–1358.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 2, 1996.

Decided Jan. 30, 1997.

Barry Rand Elden, Chief of Appeals, Of-
fice of the United States Attorney, Criminal
Appellate Division, Chicago, IL, Elizabeth
Collery (argued), Department of Justice,
Criminal Division, Washington, DC, for U.S.
in Nos. 94–3805 and 94–3833.

J. Michael McGuinness (argued), Chicago,
IL, for Vincent Edwards.

Mark D. DeBofsky, Steven Shobat (ar-
gued), Mark D. DeBofsky, Richard Q. Hollo-
way, Debofsky & Debofsky, Chicago, IL, for
Reynolds A. Wintersmith.

James T. Zuba, Keith C. Syfert, Office of
the United States Attorney, Rockford, IL,
Elizabeth Collery (argued), Department of
Justice, Criminal Division, Washington, DC,
for U.S. in No. 94–3952.

Donald P. Sullivan (argued), Canfield, Can-
field & Sullivan, Rockford, IL, for Horace
Joiner.

Barry Rand Elden, Chief of Appeals, Of-
fice of the United States Attorney, Criminal
Appellate Division, Chicago, IL, John G.
McKenzie, Office of the United States Attor-
ney, Rockford, IL, Elizabeth Collery (ar-
gued), Department of Justice, Criminal Divi-
sion, Washington, DC, for U.S. in No. 94–
3953.

Steven Shobat (argued), Chicago, IL, for
Karl V. Fort.

Barry Rand Elden, Chief of Appeals, Of-
fice of the United States Attorney, Criminal
Appellate Division, Chicago, IL, John G.
McKenzie, Keith C. Syfert, Office of the
United States Attorney, Rockford, IL, Eliza-
beth Collery (argued), Department of Jus-
tice, Criminal Division, Washington, DC, for
U.S. in No. 95–1358.

Robert A. Handelsman (argued), Chicago,
IL, for Joseph Tidwell.

Before CUMMINGS, EASTERBROOK,
and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

An indictment charged that 20 persons, affiliated with the Gangster Disciples street gang, distributed cocaine in and near Rockford, Illinois. The leaders of this ring called themselves "The Mob". Five pleaded guilty; the remaining 15 were tried in three groups. Other panels of this court have affirmed the convictions and sentences resulting from two of these trials. *United States v. Evans*, 92 F.3d 540 (7th Cir.1996); *United States v. Russell*, Nos. 94–4000 *et al.*, 1996 WL 508598 (7th Cir. Aug. 30, 1996) (unpublished order). After their convictions in the remaining trial, Karl V. Fort and Reynolds Wintersmith were sentenced to life in prison, Joseph Tidwell to 312 months, Horace Joiner to 126 months, and Vincent Edwards to 120 months. Arguments that are variations on contentions made to the panels in *Evans* and *Russell* we reject without additional verbiage. Many others we bypass because they do not affect the sentences. Precise calculations of drug quantity do not matter when the amounts are as large as they are here. Only one contention requires discussion: defendants' joint argument that the judge must sentence them as if all of the cocaine were cocaine hydrochloride (powder), because the jury's verdict does not unambiguously establish that they peddled any cocaine base (crack).

Count I of the indictment charged the defendants with conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The instructions told the jury that it could convict the defendants under Count I if it concluded that the conspiracy "involved measurable amounts of cocaine or cocaine base." The jury returned a verdict of guilty—which means, appellants insist, that the verdict does not establish that they distributed any crack, for the jury would have returned the same verdict had all of the drug been powder cocaine. Because, on this understanding, "there is simply no way of determining from the general verdict which of the conspiratorial objectives the jury found beyond a reasonable doubt" (Appellants' Joint Br. 33), appellants ask us to require the prosecutor to elect between a new trial and resentencing on the assumption that all of the cocaine was pow-

der. Defendants did not object to this part of the instructions or the verdict form, and they did not ask the court to elicit from the jury the information they now say is missing, so they argue now that the district court committed plain error. See *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Five courts of appeals have held that, when the jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendants must be sentenced as if the organization distributed only the drug carrying the lower penalty. *United States v. Orozco–Prada*, 732 F.2d 1076, 1083–84 (2d Cir.1984); *Newman v. United States*, 817 F.2d 635 (10th Cir.1987); *United States v. Owens*, 904 F.2d 411, 414–15 (8th Cir.1990); *United States v. Bounds*, 985 F.2d 188, 194–95 (5th Cir.1993); *United States v. Garcia*, 37 F.3d 1359, 1369–71 (9th Cir.1994). *Newman* held that the shortcoming it identified is "plain error." 817 F.2d at 637 n. 3; see also *United States v. Pace*, 981 F.2d 1123, 1128 (10th Cir.1992). We believe that all of these decisions are wrong. There was no error, and hence no plain error, in this case.

Our reason is simple: under the Sentencing Guidelines, the judge alone determines which drug was distributed, and in what quantity. *Witte v. United States*, —— U.S. ——, —— –——, 115 S.Ct. 2199, 2207–08, 132 L.Ed.2d 351 (1995); *United States v. Cooper*, 39 F.3d 167, 172 (7th Cir.1994); *United States v. Levy*, 955 F.2d 1098, 1106 (7th Cir.1992); U.S.S.G. § 1B1.2(d) & Application Note 5. The "relevant conduct" rule requires the judge to consider drugs that were part of the same plan or course of conduct, whether or not they were specified in the indictment. U.S.S.G. § 1B1.3; *United States v. Watts*, —— U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. White*, 888 F.2d 490 (7th Cir.1989); Stephen Breyer, *The Federal Sentencing Guidelines and the Key Compromises Upon Which They Rest*, 17 Hofstra L.Rev. 1, 8–12, 25–28 (1988). A judge therefore may base a sentence on kinds and quantities of drugs that were not considered by the jury. *United States v. Garcia*, 69 F.3d 810, 818–19 (7th Cir.1995);

*United States v. Montgomery,* 14 F.3d 1189, 1196–98 (7th Cir.1994); *United States v. Villarreal,* 977 F.2d 1077, 1080 (7th Cir.1992). Because sentencing depends on proof by a preponderance of the evidence, while conviction depends on proof beyond a reasonable doubt, the judge may even base a sentence on events underlying charges for which the jury returned a verdict of acquittal. *Watts, supra.* What a jury believes about which drug the conspirators distributed therefore is not conclusive—and a verdict that fails to answer a question committed to the judge does not restrict the judge's sentencing options.

*Orozco–Prada,* first in the line of contrary decisions, relied on a series of cases that address a different problem. Suppose the indictment charges that the defendants conspired to commit two crimes—say, bank robbery and money laundering—that have different maximum punishments. Because the punishment for conspiracy depends on the punishment for the substantive offense, 18 U.S.C. § 371; 21 U.S.C. § 846, a disjunctive verdict form (or a disjunctively phrased indictment) leaves unresolved the question whether the conspirators pursued both objectives and, if only one, which. The judge does not have authority to sentence the defendants to 20 years (the bank robbery maximum) if they conspired only to launder the proceeds of someone else's robbery. So unless the prosecutor consents to a sentence based on the lower maximum punishment, there must be a new trial. See *Brown v. United States,* 299 F.2d 438 (D.C.Cir.1962) (Burger, J.), among the several similar cases cited by *Orozco–Prada,* 732 F.2d at 1083–84. *Brown* and its successors reach an entirely sensible result but have nothing to do with an indictment that charges the defendants with agreeing to commit *one crime* in *two ways.* Powder and crack cocaine are variations of the same drug sold to distinct segments of the retail market; the difference has consequences for sentencing under 21 U.S.C. § 841(b) and the Guidelines, but not for the identification of the substantive offense. Cf. *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); *Neal v. United States,* —— U.S. ——, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). Sec-

tion 841(a)(1) makes it unlawful "to manufacture, distribute, or dispense, or to possess with intent to manufacture, distribute or dispense, a controlled substance". That is the crime these five defendants conspired to commit. Application of the disparate sentencing rules for different types and quantities of controlled substances is for the judge rather than the jury. This is why it is unnecessary for the indictment to charge how much of a drug was involved, even though quantity matters greatly to the sentence. An indictment could charge the defendants with "conspiring to distribute controlled substances in violation of 21 U.S.C. § 841(a)" without identifying either the substances or the quantities. Defendants might well prefer this form of charge, if the alternative is multiple conspiracies for multiple drugs, with cumulative punishments. Cf. *United States v. Duff,* 76 F.3d 122 (7th Cir. 1996). If the grand jury specifies details, the proof and the jury charge may not depart from them in a way that constructively amends the indictment. Compare *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960), with *United States v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). See also *United States v. Leichtnam,* 948 F.2d 370, 378–81 (7th Cir. 1991). But the indictment here identified both powder and crack; defendants do not argue variance.

*Orozco–Prada* did not mention the difference between conspiracy to commit two crimes, and conspiracy to commit one crime in two ways. It therefore applied the *Brown* principle uncritically. *Newman* relied on both *Brown* and *Orozco–Prada,* again without making the distinction. Neither *Orozco–Prada* nor *Newman* mentioned the difference between the jury's and the judge's roles. *Newman* even concluded that "the uncertainty taints the conviction itself" (817 F.2d at 639) and remanded for a new trial—a position since disapproved by *Griffin v. United States,* 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), and inconsistent with our conclusion in *United States v. Peters,* 617 F.2d 503 (7th Cir.1980), which the tenth circuit declined to follow, 817 F.2d at 638. Finally, *Owens, Bounds,* and *Garcia* relied on

*Orozco–Prada* and *Newman* without independent analysis.

In *United States v. Banks,* 78 F.3d 1190, 1201–04 (7th Cir.1996), we held (following *Peters* ) that there is no problem when the instructions are phrased in the conjunctive, for then the jury necessarily finds that the defendants distributed all of the drugs identified in the indictment. Now we add that there is no problem when the instructions are phrased in the disjunctive, because (subject to the variance possibility discussed above) as long as the jury finds that the defendants conspired to distribute *any* drug proscribed by § 841(a)(1), the judge possesses the power to determine which drug, and how much. Our conclusion has the support of holdings in the eleventh circuit, see *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989); *United States v. Dennis,* 786 F.2d 1029, 1038–41 (11th Cir.1986), although not of all the language in these opinions. *Dennis* expressed a preference for obtaining a special verdict from the jury—and even so was disapproved by *Newman* for holding that the judge could make an independent decision about the type and quantity of drugs involved—but we see no reason to put an extra question to the jurors, whose tasks are complex enough when trying to address the questions that the law commits to them. *Williams* could perhaps be distinguished on the ground that it involved a request for a lesser-included-offense instruction, but its holding—that the defendant is not entitled to this instruction, because distributing powder cocaine cannot be a lesser included offense of distributing cocaine base when the two are the *same* offense—establishes the same principle on which we rely. Whether the conspiracy deals different drugs or different forms of the same drug is not pertinent. A charge that the conspirators agreed to distribute marijuana, cocaine, and heroin identifies only a single crime—for the conspiracy is the *agreement* and not the distribution, see *United States v. Shabani,* 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994)—and the judge is free to determine after the verdict which penalty is appropriate in light of the types and quantities of drugs handled. A conflict among the circuits was apparent after the tenth circuit's disapproval, in *New-*

*man,* of decisions from the seventh (*Peters* ) and eleventh (*Dennis* ), and may well have been implicit in our decisions about the allocation of authority between judge and jury. But because our decision makes the scope of the conflict so clear, we have circulated this opinion to all active judges under Circuit Rule 40(e). A majority did not favor a hearing en banc. Circuit Judge Ripple voted in favor of hearing this case en banc.

AFFIRMED.