124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert ARRINGTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1355.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 21, 1997*
Decided Aug. 26, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 96-1590; Joe Billy McDade, Judge.
 Before CUMMINGS, BAUER, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Robert Arrington pleaded guilty to one count of conspiring to distribute more than 50 grams of cocaine base, 21 U.S.C. § 846, and one count of distributing more than 5 grams of cocaine base. 21 U.S.C. § 841. He was sentenced to concurrent terms of imprisonment of 151 months. We affirmed his conviction and sentence on direct appeal. United States v. Arrington, 73 F.3d 144 (7th Cir.1996). Arrington then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion without a hearing. On appeal, he raises three issues, each of which involves the distinction between crack cocaine and other forms of cocaine. First, Arrington argues that trial counsel was ineffective because he recommended that Arrington plead guilty to distribution of crack cocaine under the misimpression that all forms of cocaine base are considered crack for purposes of criminal liability; second, he claims his guilty plea was not knowingly and voluntarily entered into because he relied upon his attorney's erroneous advice; third, he asserts that he was denied due process because the district court accepted his guilty plea without concluding beyond a reasonable doubt that the substance that Arrington distributed was crack as opposed to another form of cocaine.[1] He bases each of his arguments upon the assertion that the Sentencing Guidelines define cocaine base to mean crack, which is "usually prepared by processing cocaine hydrochloride and sodium bicarbonate...." U.S.S.G. § 2D1.1, Drug Quantity Table, Note C. Arrington states that he never sold or possessed any cocaine that had been processed with sodium bicarbonate. We affirm.
 
 
 2
 All of Arrington's claims derive from his allegation that counsel incompetently failed to inform him or the trial court that "crack" and "cocaine base" are not wholly interchangeable under the Sentencing Guidelines. U.S.S.G. § 2D1.1. We therefore construe each claim as raising the ineffective assistance of trial counsel, who also represented Arrington on direct appeal. Consequently, we may reach the merits of these claims, even though Arrington did not raise them on direct appeal. Barker v. United States, 7 F.3d 629, 632 (7th Cir.1993).
 
 
 3
 Unfortunately for Arrington, our review of the merits of his claims leads us to conclude that they have none. Arrington challenges only his conviction, not his sentence. The distinction between "cocaine base" and "crack" has consequences for sentencing purposes only. U.S.S.G. § 2D1.1. It has no significance for purposes of criminal liability under 21 U.S.C. §§ 841, 846. United States v. Edwards, 105 F.3d 1179, 1181 (7th Cir1997), petition for cert. filed, (No. 96-8732) (Apr. 2, 1997). In his plea agreement (and on appeal) Arrington concedes that he distributed cocaine base. As such, he has no argument concerning liability under the statute or the terms of the indictment. His attorney was not incompetent for failing to raise a distinction that made no difference at trial, he cannot maintain that his guilty plea was not knowingly made because it was based upon incorrect information, and he does not have a valid argument that the judge did not make a sufficient determination that there was a valid factual basis for accepting Arrington's plea. Moreover, a valid guilty plea admits the facts charged and waives all non-jurisdictional arguments not inconsistent with the establishment of factual guilt. United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994) The challenges Arrington made are all subject to waiver under this standard. We therefore concluded that the district court properly denied his § 2255 motion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a), Cir. R. .34(f)
 
 
 [1]
 In his § 2255 motion filed in the district court, Arrington raised a fourth issue, ineffective assistance of appellate counsel, which was also rejected by the district court. After the district court had issued a certificate of appealability, it issued a clarifying order indicating that Arrington's motion for a certificate of appealability was granted only as to the three issues involving the distinction between crack and other forms of cocaine, and it was denied as regards the ineffective assistance of appellate counsel claim. See 28 U.S.C. § 2253(c)(3) ("The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required [in order to obtain appellate review]." Thus, this claim could not have been raised on appeal, and in fact Arrington properly did not attempt to do so