**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted July 2, 2014[*]
Decided July 3, 2014

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 14-1148 | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 93 CR 20024-1 Philip G. Reinhard, *Judge*. |
| KARL V. FORT, *Defendant-Appellant*. | |

**Order**

After the Sentencing Commission made its latest changes to the crack-cocaine guideline retroactive (see Amendment 750), Karl Fort asked the district court to reduce his sentence of life imprisonment. The court denied his motion, observing that Amendment 750 does not change his range and that he is therefore ineligible for a lower sentence. The range for someone who distributes 8.4 kilograms of crack (or more) was not reduced by Amendment 750, and the

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f)

district court had found at Fort's sentencing that he was responsible for at least 9.5 kilograms.

Fort's appeal relies on the same argument he presented in 2009, after the district court denied his motion under an earlier change to the crack guideline. Fort maintains that the district court erred at his sentencing in 1994 when concluding that he is culpable for 9.5 kilograms of cocaine base. See *United States v. Edwards*, 105 F.3d 1179 (7th Cir. 1997), affirmed, 523 U.S. 511 (1998). We held in 2009 that Fort's argument is legally deficient, because 18 U.S.C. §3582(c)(2), which authorizes sentence reductions under retroactive reductions to the Guidelines, does not require what amounts to a full resentencing. *United States v. Fort*, No. 09-1097 (7th Cir. July 13, 2009) (nonprecedential disposition). The Supreme Court reached the same conclusion in *Dillon v. United States*, 560 U.S. 817 (2010). The district court uses the calculations of the original sentencing except for the changed guideline range. See *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013). That's exactly what the judge did here. Fort's argument therefore fares no better in 2014 than it did in 2009.

AFFIRMED