UNITED STATES of America

v.

Charles CHAPPLE, a/k/a Anthony Moore, Mark Clayton, Appellant (D.C.Crim. No. 91–00111–01).

UNITED STATES of America

v.

Donald E. SMITH, Jr., Appellant (D.C.Crim. No. 91–00111–02).

Nos. 92–3102, 92–3107.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 8, 1992.

Decided Feb. 11, 1993.

Paul R. Gettleman, Portersville, PA, for appellant, Charles Chapple.

Thomas S. White, Federal Public Defender, Karen Sirianni Gerlach, Asst. Federal Public Defender, Pittsburgh, PA, for appellant, Donald E. Smith, Jr.

Thomas W. Corbett, Jr., U.S. Atty., Paul J. Brysh, Asst. U.S. Atty., Bonnie R. Schlueter, Asst. U.S. Atty., Pittsburgh, PA, for appellee, U.S.

Before: SCIRICA, ALITO, and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

ALITO, Circuit Judge:

Following a joint jury trial in the United States District Court for the Western District of Pennsylvania, Charles Chapple and Donald E. Smith, Jr. were convicted of conspiring to distribute cocaine and to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. § 846. Smith was also convicted of possession of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841. The district court then sentenced Chapple to 170 months of imprisonment, 60 months of supervised release, and a $50.00 special assessment. The court sentenced Smith to 120 months of imprisonment, 48 months of supervised release, and $100.00 in special assessments. Each defendant filed a timely notice of appeal. We affirm their convictions, but we vacate their sentences and remand for the district court to make an explicit factual finding as to the weight of cocaine involved in their offenses and to resentence them accordingly.

I.

On May 7, 1991, Chapple drove from Los Angeles to a United Parcel Service (UPS) office in Baldwin Park, California, apparently unaware that he was under surveillance by police investigating his suspected

involvement in cocaine trafficking. Chapple gave UPS a parcel addressed for delivery to "Don Smith" in Pittsburgh. The parcel had a fictitious California return address. At the request of the Los Angeles police, UPS employees set the parcel aside until "Ringo," a specially trained police dog, could sniff it. Ringo reacted to the parcel by "alerting," indicating the probable presence of drugs. A warrant was obtained, and the parcel was opened. It contained five packages of cocaine, each weighing approximately one kilogram. The Los Angeles police set aside four of these packages, repacked the parcel with one of the packages, and arranged for UPS to ship it to Pittsburgh for a controlled delivery. The next day, Smith went to a Mail Boxes, Etc. location in Pittsburgh and took delivery of the parcel from an Allegheny County detective posing as an employee. After leaving with the parcel, Smith was arrested a few blocks away. Chapple, who in the meantime had flown to Pittsburgh, was arrested later the same day. Indictment, trial, conviction, and sentencing followed.

## II.

A. On appeal, both defendants advance numerous arguments. We hold that all but one of these arguments lack merit or are not properly before us.[1] One issue, however, requires discussion.

Both defendants' sentences on the conspiracy count were based on a finding that the conspiracy involved more than five kilograms of cocaine. The district court itself, however, did not make such a finding. The judge had previously decided, with the active encouragement of counsel for Chapple and against the contrary argument of the government, that the weight of cocaine involved was an element of the substantive offense and was therefore a jury question. The jurors were charged, over the government's objection, that they should not return a guilty verdict on the conspiracy counts unless they were convinced beyond a reasonable doubt that more than five kilograms of cocaine was involved.[2] The only evidence presented to the jury regarding weight was a stipulation that, if called, two government witnesses would testify that they had between them individually weighed the five packages of cocaine and that the total weight of the cocaine in the five packages was 5003 grams, just over the crucial five-kilogram line.[3] Since the jury returned guilty verdicts, it necessarily found that the weight was over that line.

---

1. Chapple also contends that the district court erred: (1) in admitting evidence of the contents of the parcel that he attempted to ship via UPS and that was opened pursuant to a warrant; (2) in admitting evidence of items discovered during a search of his Los Angeles residence pursuant to a warrant; (3) in admitting evidence of items discovered during a search of his Pittsburgh residence pursuant to a warrant, particularly including false identification documents, firearms, and a bulletproof vest; (4) in admitting evidence of his "lavish lifestyle"; and (5) in refusing to grant his motion for a mistrial and/or severance when Smith's counsel elicited testimony that Chapple had refused to make a statement after being advised of his *Miranda* rights.

   Smith also contends that the district court erred: (1) in giving the jury a "deliberate ignorance" instruction on the knowledge element of the offenses and (2) in allowing cross-examination of his mother concerning her knowledge of his earlier state conviction for possessing a firearm without a license.

   After careful consideration, we decline to vacate or reverse either defendant's conviction on any of these grounds.

   Smith further contends that various acts and omissions of his trial counsel and of Chapple's trial counsel (who had formerly been married to Smith's trial counsel) deprived him of his constitutional right to the effective assistance of counsel. Such claims generally cannot be made on direct appeal, and we do not believe any of the exceptions to this rule apply in this case. We therefore affirm Smith's conviction without deciding the merits of his ineffective assistance claims, which he remains free to raise in subsequent proceedings.

2. There appears to have been no instruction on conspiracy to possess with intent to distribute less than five kilograms of cocaine as a lesser included offense.

3. There appears to be a dispute, which we do not now need to resolve, as to whether the language of the stipulation unequivocally shows that the weights given excluded the weight of the paper and tape in which the powder was packaged.

By the time of sentencing, counsel for Chapple had changed his position and had adopted the government's earlier view that the weight of cocaine was a sentencing issue to be resolved by the court. Chapple's counsel sought to present evidence at the sentencing hearing to show that the actual weight involved was slightly under rather than slightly over five kilograms, and we interpret the record to mean that Smith's counsel joined this application. App. 3800. The district court, however, declined to consider any such new evidence because it believed that the jury verdict established that the weight was in excess of five kilograms and that that determination was entitled to preclusive effect as the law of the case. For the same reason, the district judge did not discuss the significance he himself would have assigned as a factfinder to the stipulation that the government's witnesses would have testified that the cocaine weighed 5003 grams.[4] On appeal, Chapple contends that the district court erred in failing to make a finding regarding the weight of the cocaine. Although the argument in Smith's appellate brief relating to this issue is couched in terms of ineffective assistance of counsel, we interpret this portion of the brief as also advancing the same argument made by Chapple. The exact weight of cocaine involved is of considerable relevance to both defendants' sentences.[5]

■ B. The position originally urged by the government in the district court—that the weight of the drugs involved is a sentencing issue that must be decided by the

judge rather than the jury—is correct. See, e.g., United States v. Martinez–Zayas, 857 F.2d 122 (3d Cir.1988); United States v. Gibbs, 813 F.2d 596 (3d Cir.1987) (construing earlier version of the statute). The language of the relevant statutes draws a clear distinction between the facts necessary to support a conviction (as to which the defendant has a jury-trial right and the government has a burden of proof beyond a reasonable doubt) and the facts necessary to support a particular sentence (as to which the judge is the fact-finder and the standard of proof is the preponderance of the evidence). Title 21 U.S.C. § 841(a)(1) criminalizes particular actions involving controlled substances.[6] Title 21 U.S.C. § 841(b), which assigns different sentencing ranges to different weights of particular drugs, states that "[e]xcept as otherwise provided ... any person who violates subsection (a) of this section shall be sentenced as follows...." Thus, "§ 841(b) is merely a penalty provision to be used at sentencing, after conviction of the substantive crime." Gibbs, 813 F.2d at 600.

■ We agree with the Sixth Circuit that "[t]he district court is not bound by the jury's verdict ... despite the jury's finding as to the quantity of drugs involved in the conspiracy or scheme. The district court committed error ... by considering itself bound at sentencing by the jury's findings." United States v. Moreno, 899 F.2d 465 (6th Cir.1990). Moreno's case was sent to the jury with the instruction that it could either convict of conspiracy to distribute at least five kilograms of cocaine or convict of

4. We disagree with the government's argument on appeal that Chapple's counsel abandoned his request to put in evidence regarding the weight of the cocaine. After the district court had stated that it thought that the jury's finding was "preclusive," Chapple's counsel stated (App. 3800):

> Your Honor, that being the case, I don't think there's any necessity to call witnesses, although I do have witnesses in the courtroom.

We do not interpret this statement as a waiver of the argument.

5. By our calculations, if sentenced within the Guidelines range for the same offense but involving just under five kilograms of cocaine rather than just over five kilograms of cocaine,

Chapple would receive a sentence of between 121 and 151 months, rather than the 170 months he in fact received. Smith would receive a sentence of between 78 and 97 months, rather than the 120 months he in fact received. (Since Chapple's conviction for possession is "closely related" to his conviction for conspiracy and the possession count involved substantially less cocaine, his total sentence for both counts is governed by the weight of cocaine involved in the conspiracy.)

6. Smith was convicted of violating 21 U.S.C. § 841(a). Both Chapple and Smith were convicted of violating 21 U.S.C. § 846 which makes unlawful, inter alia, conspiracies to violate § 841(a).

the lesser included offense of conspiracy to distribute at least 500 grams but less than five kilograms of cocaine. The jury returned a verdict acquitting as to the larger quantity but convicting as to the lesser. On the government's cross-appeal, the Sixth Circuit held that the quantity of cocaine was not an element of the crime itself. The Sixth Circuit therefore remanded the case so that the government could attempt to prove to the judge by the preponderance of the evidence that at least five kilograms of cocaine were involved in the conspiracy.

 In *Moreno*, the government benefitted from the rule that a jury verdict including a finding as to weight does not preclude a contrary finding by the judge at sentencing. Here, the defendants stand to benefit from the same rule. We are sympathetic to the government's argument that, by changing their legal theories as to the proper fact-finder of the weight, "Chapple and Smith certainly sought to have the best of both worlds." We are also sympathetic to the district judge, who is now attacked by the defendants for erroneously adhering to the view that they themselves first urged upon him. We nonetheless think that a remand to the district court for a factual finding as to the weight of the cocaine involved in the conspiracy is appropriate.[7]

While the defendants did stipulate at trial what the substance of the government's witnesses' testimony concerning the weight of the cocaine would have been had those witnesses been called, the defendants did not explicitly stipulate that that testimony would have been accurate. This distinguishes this case from *Martinez–Zayas*, where the district court had no need to find facts because the parties had stipulated that the cocaine weighed 12 kilograms. 857 F.2d at 131.

### III.

For these reasons, we affirm the convictions of both defendants, but we vacate their sentences and remand these cases to

the district court for further proceedings and resentencing in accordance with this opinion.

---

7. The relevant weight is that at the time of the offense, not, as the defense argued at one point in the district court, the weight at the time of sentencing. *See* App. 3795–96.