

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-1997

# United States v. Lewis

Precedential or Non-Precedential:

Docket 96-1468

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Lewis" (1997). *1997 Decisions.* Paper 106.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/106

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 14, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-1468

UNITED STATES OF AMERICA

v.

ANTHONY LEWIS,
a/k/a Tony Lewis, a/k/a Henry Lewis, a/k/a Antonio
Lewis, a/k/a Tone

Anthony Lewis,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 95-00492)

Argued April 14, 1997

BEFORE: GREENBERG, ALITO, and SEITZ, Circuit Judges

(Filed: May 14,1997)

Michael R. Stiles
United States Attorney
Walter S. Batty, Jr.
Assistant United States Attorney
Chief of Appeals
Emily McKillip (argued)
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476

 Attorneys for Appellee

Stephen P. Patrizio (argued)
Dranoff & Patrizio
Suite 1600
117 S. 17th Street
Philadelphia, PA 19103

Attorneys for Appellant

**OPINION OF THE COURT**

GREENBERG, Circuit Judge.

Appellant, Anthony Lewis, appeals from a judgment of conviction and sentence entered in the district court on an indictment charging him with distribution of at least five grams of a mixture or substance containing a detectible amount of cocaine base, which, as a matter of convenience, we will call simply cocaine base. A jury found Lewis guilty under 21 U.S.C. § 841(a)(1) ("section 841(a)(1)") which prohibits the distribution of a controlled substance. The court subsequently sentenced Lewis to 120 months in prison under 21 U.S.C. § 841(b) ("section 841(b)") for distribution of at least five grams of cocaine base. Lewis contends that he is entitled to a new trial because, notwithstanding his indictment for distribution of at least five grams of cocaine base, the district court instructed the jury that it could find him guilty whether he had distributed cocaine powder or cocaine base. He argues that this instruction infringed upon the jury's fact-finding function. He also contends that because the court instructed the jury that it could find him guilty whether he distributed cocaine powder or cocaine base, the basis for its finding of guilt cannot be determined. He thus asserts that the district court erred because it sentenced him for distribution of cocaine base rather than powder cocaine. He claims that this error prejudiced him as the mandatory minimum penalties for distribution of cocaine base in section 841(b) are more severe than those for the distribution of powder cocaine. Finally, Lewis argues that even if we uphold his conviction he is entitled to a remand for resentencing because the government failed to prove by

2

a preponderance of the evidence that the controlled substance he distributed was cocaine base.

The government counters that to prove that Lewis violated section 841(a) it needed to prove only that he knew he was distributing a controlled substance even if he did not know its identity. It also asserts that a jury need not determine which controlled substance a defendant charged under section 841(a)(1) distributed, provided it determines that the defendant distributed a controlled substance. It further argues that the district court was correct in determining for sentencing purposes the identity of the controlled substance that Lewis distributed, for the "type and quantity of the controlled substance in an offense is an issue of fact to be decided by the court at sentencing." Br. at 4. Finally, the government argues that the district court's finding that Lewis distributed cocaine base was not clearly erroneous.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise plenary review over the questions before us, except that we review the court's finding that Lewis distributed cocaine base to determine if the finding was clearly erroneous.

I. FACTUAL AND PROCEDURAL HISTORY

On February 17, 1995, Edward Jones, a confidential informant for the Drug Enforcement Administration (the "DEA"), went to Bristol Township, Pennsylvania, as instructed by DEA agents, to purchase $2,000 worth of crack cocaine from a particular person. App. at 219-21. While unsuccessfully seeking that person, Jones met Lewis who offered to sell him crack cocaine. App. at 222. After obtaining permission from the DEA agents, Jones initiated a purchase of cocaine from Lewis. Lewis informed Jones that he had 25 dime bags with him, which he gave to Jones, and then suggested that Jones drive him to a residence belonging to a third person to obtain more. Lewis then procured an additional 50 dime bags of cocaine, which he also gave to Jones. Jones, in turn, paid Lewis for the cocaine. Laboratory analysis showed that Jones purchased

7.5 grams of cocaine base from Lewis. App. at 35. Based on these events, a grand jury returned a two-count indictment charging Lewis with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and distribution of cocaine base within 1,000 feet of a public housing project in violation of 21 U.S.C. § 860. App. at 15-16.

Jones testified at the trial, but during his cross-examination the district court barred any inquiry into the difference between cocaine base and cocaine powder, explaining that the difference was not relevant. App. at 300-04. Lewis also testified, denying that he distributed crack, and contending that he had sold cocaine powder to Jones. App. at 171-73. App. at 172-73. The district court, over Lewis's objection, instructed the jury that it could find Lewis guilty regardless of whether he distributed cocaine powder or cocaine base. App. at 348-49, 361, 393-94, 396.

The jury found Lewis guilty of distribution of cocaine but found him not guilty of distribution of cocaine within 1,000 feet of a public housing project. We cannot ascertain from the verdict whether it concluded that Lewis distributed cocaine base or powder cocaine or, indeed, even whether it reached a unanimous conclusion on this point. On May 30, 1996, the district court sentenced Lewis to a custodial term of 120 months, a $500 fine, eight years of supervised release and a $50 special assessment, the sentence being predicated on its finding that Lewis distributed cocaine base. As we have indicated, this finding was significant for it is undisputed that the sentence for distributing powder cocaine would have been less than the sentence the court imposed. App. at 10-14.

II. DISCUSSION

a. Sentencing issues

While ordinarily we would consider questions relating to the validity of a conviction before questions relating to a sentence, in this case we reverse that order because our determination of the sentencing issues informs our result on the issues relating to the conviction. Section 841(a)(1),

4

which is entitled "Unlawful acts," prohibits the distribution of controlled substances. It states:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally --

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance;

. . .

Section 841(b), entitled "Penalties," provides:

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: . . .

(1)(B) In the case of a violation of subsection (a) of this section involving --

. . . .

(iii) 5 grams or more of a mixture or substance described in clause (ii) which contains cocaine base; . . . such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years. . . .

The sentence mandated for distribution of at least 500 grams of cocaine is the same as the sentence mandated for distribution of at least five grams of cocaine base -- not less than five years and not more than 40 years' imprisonment. Section 841(b)(1)(B)(ii). On the other hand, the sentence for distributing at least five grams of cocaine does not include the five-year minimum term. Section 841(b)(1)(C).

We have held that the district court rather than the jury determines the weight of drugs involved in a section 841 offense as the amount of drugs involved in an offense is a sentencing factor. United States v. Chapple, 985 F.2d 729 (3d Cir. 1993). Substantial authority supports this conclusion. See, e.g., United States v. Madkour, 930 F.2d 234, 237 (2d Cir. 1991); United States v. Cross, 916 F.2d 622 (11th Cir. 1990); United States v. McNeese, 901 F.2d

5

585, 605 (7th Cir. 1990); United States v. Jenkins, 866 F.2d 331, 334 (10th Cir. 1989); United States v. Wood, 834 F.2d 1382, 1388-90 (8th Cir. 1987). While we seem never to have decided whether a determination of the identity of the controlled substance in a section 841(a)(1) case also is a sentencing factor, we conclude that a logical application of Chapple constrains us to hold that it is. Thus, the court determines the identity of the controlled substance at sentencing.

In Chapple, an individual, unaware that he was under police surveillance, attempted to send a large quantity of cocaine to another state. After the police seized the cocaine, the defendants were indicted and tried under 21 U.S.C. § 846 for conspiracy to possess cocaine with intent to distribute. In addition, one defendant was indicted and tried under section 841(a)(1) for possession of cocaine with intent to distribute. The quantity of cocaine in the package sent was a hotly contested issue because in the event of conviction its weight would impact significantly on the statutorily available sentence. At trial, the district court ruled that the weight of the cocaine was an element of the substantive offense which the jury had to determine. The jury subsequently convicted the defendants.

On appeal, we affirmed the convictions but vacated the sentences on the ground that section 841 clearly distinguishes between the elements of the substantive offense, as laid out in section 841(a), and the sentencing provisions, which are set forth in section 841(b). Thus, we held that "§ 841(b) is merely a penalty provision to be used at sentencing, after conviction of the substantive crime." Chapple, 985 F.2d at 731 (quoting United States v. Gibbs, 813 F.2d 596, 600 (3d Cir. 1987)). Accordingly, inasmuch as section 841(b) rather than section 841(a) deals with the weight of controlled substances, we remanded Chapple for the district court to resentence on the basis of its determination of the quantities involved. We conclude that inasmuch as section 841(b) specifies both the quantities and identities of controlled substances to be considered in determining the sentence, Chapple requires us to hold that the district court was correct in its determination that the court should determine the type of cocaine Lewis distributed as a sentencing factor.

6

At bottom, resolution of the issue with respect to whether the jury or the court determines the identity of the controlled substance depends on how Congress defined the offense under section 841(a)(1). As we observed in United States v. Conley, 92 F.3d 157, 165 (3d Cir. 1996), cert. denied, 117 S.Ct. 1244 (1997), the Supreme Court has permitted a state to treat conduct which arguably was an element of an offense, the visible possession of a weapon, as a sentencing factor to be determined by the court rather than the jury. McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411 (1986). The Supreme Court made clear in McMillan that while there are constitutional limits beyond which a state may not go in allocating to the trial court factors affecting sentences, the requirement that the jury determine beyond a reasonable doubt that the defendant committed the crime depends on how the state defines the offense. See id. at 84-86, 106 S.Ct. at 2415-16. In United States v. Gaudin, ___ U.S. ___, #6D 6D6D#, 115 S.Ct. 2310, 2321 (1995), Chief Justice Rehnquist emphasized in his concurrence that "definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes which are solely creations of statutes."

In this case, Congress clearly defined the offense as the distribution of a "controlled substance," seemingly purposely refraining from specifying a particular "controlled substance" in section 841(a)(1). Furthermore, section 841(a)(1) is entitled "Unlawful acts," suggesting that the section completely sets forth the elements of the offenses it creates. While Congress could have enacted separate statutes criminalizing the distribution of particular controlled substances, it did not do so. Instead, it characterized the determination of the identity and the weight of the controlled substance as penalty factors in section 841(b). We must honor that approach.

United States v. Conley supports our result, as it indicates that the sentencing guidelines could make "the object of a conspiracy charged under 18 U.S.C. § 371 a matter for the sentencer rather than an element of the crime" without violating the Sixth Amendment right to a trial by jury. Conley, 92 F.3d at 166. Of course, we

7

acknowledge that the authority of Conley is somewhat limited here because the object of the conspiracy in that case was significant only with respect to the application of the sentencing guidelines while here the identity of the controlled substance was a factor in establishing the possible sentence under section 841(b). Nevertheless, there is likely no pertinent distinction to a defendant between a court determining facts applicable to setting a guidelines range and determining the sentence available under a statute.

There is substantial support for our result in other circuits. For example, in United States v. Barnes, 890 F.2d 545 (1st Cir. 1989), the Court of Appeals for the First Circuit upheld a conviction and sentence in a case in which the indictment charged the defendant with possession of cocaine base with intent to distribute. In Barnes, the district court sentenced the defendant on the basis of its finding that the substance involved was cocaine base over her objection that one chunk of cocaine seized may not have contained cocaine base. The court explained that it was

important to note that the court, not the jury, determines the quantity and type of controlled substance appropriate under 21 U.S.C. § 841(b). Section 841(b) describes the penalty provisions for violations of section 841(a), in this case possession of a controlled substance with intent to distribute. Therefore, as a penalty provision, the district court judge determines the facts at the sentencing, and, on appeal, we review the court's factual findings, not the jury's verdict.

Id. at 551 n.6 (citations omitted).

Accordingly, in Barnes the court of appeals indicated that "the district court judge properly made a finding during the sentencing as to the quantity and type of the cocaine." Id.; See also, e.g., United States v. Bingham, 81 F.3d 617, 628-29 (6th Cir.), cert. denied, 117 S.Ct. 250 (1996); United States v. McMurray, 34 F.3d 1405, 1414 (8th Cir. 1994), cert. denied, 115 S.Ct. 1164 (1995); United States v. Young, 981 F.2d 180, 188 (5th Cir. 1992); United States v. Levy, 904 F.2d 1026, 1034 (6th Cir. 1990).

8

In reaching our result, we recognize that the Court of Appeals for the Fifth Circuit in United States v. Bounds, 985 F.2d 188, 194-95 (5th Cir. 1993), has held that although the quantity of controlled substances does not constitute an element of the crime and is to be determined by the court at sentencing, the identity of the controlled substance is an element of the substantive crime to be determined by the jury. The Bounds court, however, did not provide any explanation for the distinction it drew in its differing treatment of the identity and weight of the controlled substance. Thus, we do not find Bounds persuasive and we are unable to rely on it to distinguish Chapple from this case.

We also are aware of opinions of other courts of appeals which have held that where a jury returns a general verdict of guilty to a conspiracy charge under 21 U.S.C. § 846 covering several controlled substances, the court must treat the case as if the defendant conspired to commit an offense involving only the controlled substance carrying the lowest penalty under section 841(b). See United States v. Bounds, 985 F.2d at 195; United States v. Owens, 904 F.2d 411, 414-15 (8th Cir. 1990); Newman v. United States, 817 F.2d 635, 637-38 (10th Cir. 1987); United States v. Orozco-Prada, 732 F.2d 1076, 1083 (2d Cir. 1984). In several of these cases, the court of appeals remanded the case to the district court for a new trial unless the government consented to imposition of a sentence based on the controlled substance carrying the lowest penalty.

But these conspiracy cases are not without detractors, because the Court of Appeals for the Seventh Circuit has held that where an indictment charges conspiracy to distribute both powder cocaine and cocaine base, "as long as the jury finds that the defendants conspired to distribute any drug proscribed by § 841(a)(1), the judge possesses the power to determine which drug, and how much [for the purposes of sentencing the defendants]." United States v. Edwards, 105 F.3d 1179, 1182 (7th Cir. 1997) (emphasis in original). While Edwards reached its conclusion for what it called the "simple" reason that under the sentencing guidelines "the judge alone determines which drug was distributed, and in what quantity," id. at 1180, the court

9

recognized that the distinction between powder cocaine and cocaine base was significant under section 841(b) as well as under the guidelines. Id. at 1181. Nevertheless, the court reached its result on the theory that the distinction was not germane to identifying the substantive offense committed, because an "indictment could charge the defendants with `conspiring to distribute controlled substances in violation of 21 U.S.C. § 841(a)' without identifying either the substances or the quantities." Id.

Because we conclude that the court at sentencing must determine the nature of the controlled substance, the government need only have proved by a preponderance of the evidence that Lewis distributed cocaine base. See Chapple, 985 F.2d at 731; see also United States v. James, 78 F.3d 851, 857-58 (3d Cir.) (holding that government must prove by a preponderance of the evidence that cocaine base sold by defendant was actually crack if judge is to apply enhanced penalty under sentencing guidelines applicable to cocaine base), cert. denied, 117 S.Ct. 128 (1996). The record in this case compels a conclusion that the government met this burden because a laboratory analysis established that the controlled substance involved was cocaine base. We thus affirm the sentence imposed by the district court.

b. Issues relating to the conviction

Lewis also has challenged the indictment and proofs, arguing that there was a fatal variance between them. In this regard, he points out that even though he was indicted for distributing in excess of five grams of cocaine base, the court charged the jury that it did not matter whether the controlled substance was powder cocaine or cocaine base. Lewis asserts that this charge to the jury broadened the indictment and violated his right to be tried only on an indictment returned by the grand jury.

We reject this argument. As we explained in United States v. Padilla, 982 F.2d 110, 113 (3d Cir. 1992) (emphasis in original), "[w]hen there is a variance between the indictment and the proof at trial and when that variance prejudices a substantial right of the defendant, we have held that the

10

conviction must be vacated." In determining whether there has been a fatal variance, courts ascertain whether the variance affects "the substantial rights of the accused either (1) by insufficiently informing [the defendant] of the charges against him such that he is taken by surprise and prevented from presenting a proper defense, or (2) by affording him insufficient protection against reprosecution for the same offense." United States v. Pierce, 893 F.2d 669, 676 (5th Cir. 1990) (citation omitted). Here the alleged variance clearly was not prejudicial because Lewis does not contend that he was unaware that he was being tried for the distribution of a controlled substance to Jones. Thus, Lewis was able fully to make his defense and there is no possibility that he will be indicted again for the events involved here. Lewis suffers from the unfortunate fact that his defense -- that he distributed powder cocaine-- amounted to a confession in front of the jury.

Other courts have held that there is not an impermissible variance where the indictment charges the defendant with offenses involving one controlled substance but the evidence shows that the offenses actually involved another controlled substance. Thus, in United States v. Knuckles, 581 F.2d 305 (2d Cir. 1978), the defendants were charged with possession and distribution of heroin but they alleged that the substance was cocaine. Nevertheless, the Court of Appeals for the Second Circuit affirmed the conviction. While we recognize that in Knuckles the court pointed out that the variance did not affect the sentence, id. at 311, in view of our conclusion that the determination of the identity of the controlled substance is a sentencing factor for the court, we do not see why the difference for sentencing purposes between powder cocaine and cocaine base should matter in a variance analysis. The Court of Appeals for the Fifth Circuit, in a holding similar to Knuckles, held that where the offense charged is distribution of cocaine powder but the evidence at trial showed that the substance was cocaine base, there was not a fatal variance. United States v. Pierce, 893 F.2d at 676.

We also point out that we see no reason why an indictment under section 841(a)(1) for possession or distribution of a controlled substance need specify the

11

identity of the substance since, as we have explained, the identity of the substance is a sentencing factor rather than an element of the offense. See United States v. Edwards, 105 F.2d at 1181. Accordingly, the allegation in the indictment that Lewis distributed cocaine base probably was not needed. We hasten to add, however, that we are well aware that indictments under section 841(a)(1) ordinarily do specify the identity and amount of the controlled substance and we do not question this practice. Accordingly, United States Attorneys should not take this opinion as signalling that that practice should be changed.

III. CONCLUSION

For the foregoing reasons, the judgment of conviction and sentence of May 30, 1996, will be affirmed.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

12