F I L E D
United States Court of Appeals
Tenth Circuit

DEC 22 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARI DEVON BEASLEY,

Defendant-Appellant.

No. 97-7056
(D.C. No. CV-96-228-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant appeals from a district court order denying his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion was filed after

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, so the availability of review is conditioned on the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Because defendant has not "made a substantial showing of the denial of a constitutional right," § 2253(c)(2), we deny his application for the certificate and dismiss the appeal.

Defendant pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). At the plea hearing, the district court evidently underestimated the quantity of cocaine base involved and consequently misstated the mandatory statutory sentencing range as 5 to 40 years, see § 841(b)(1)(B)(iii) (five grams), instead of 10 years to life,[1] see § 841(b)(1)(A)(iii) (fifty grams). However, before sentencing, the government offered to stipulate that defendant met the criteria in 18 U.S.C. § 3553(f) exempting him from these statutory directives in any event, and the parties accordingly agreed upon imposition of a sentence in the range specified by the sentencing guidelines applicable to the facts of the case, i.e., 87 to 108 months.

The sentencing judge accepted the parties' stipulations, indicated his intention to impose the minimum sentence in the guideline range, and yet still

---

[1]     The parties ultimately stipulated to a quantity of 92.61 grams of cocaine base.

offered defendant the opportunity to withdraw his plea in light of the prior misadvisement regarding the (now inapplicable) statutory sentencing directives. After conferring with counsel, defendant persisted in his guilty plea and received the preindicated 87-month sentence. He did not take an appeal.

In his § 2255 motion, defendant raised several objections to his conviction and sentence, only two of which he continues to argue on appeal. The principal thrust of his complaints is that, having been indicted for and pled to a generalized cocaine offense, he could not be convicted and sentenced for trafficking in cocaine *base*. As a corollary to this substantive claim, and in excuse for its belated assertion, defendant also contends that counsel was constitutionally ineffective for failing to prevent or subsequently challenge the alleged variance between his indictment/plea and conviction/sentence.[2]

One basic point undermines both claims. Section 841(a) indiscriminately prohibits "trafficking in cocaine, *no matter what the form*," United States v. Easter, 981 F.2d 1549, 1557 (10th Cir. 1992) (emphasis added)--§ 841(b), with its type and quantity specifications, "is merely a penalty provision and as such does not change the elements of cocaine trafficking offenses," id. Thus, "the identity

---

[2] Defendant has now added a new and distinct ineffective assistance claim, for failure to take a *requested* appeal, which he argues is independent of his substantive objections and, therefore, does not stand or fall on their merits. This claim was not raised in the district court and, consequently, is not properly before us. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993).

of the involved controlled substance as being 'cocaine base' rather than simply 'cocaine' is not an element of any section 841(a)(1) offense. For [this] offense . . ., the indictment need only allege . . . cocaine, and whether or not it was the 'cocaine base' form . . . is purely a sentencing factor."[3] United States v. Deisch, 20 F.3d 139, 151 (5th Cir. 1994); see United States v. Lewis, 113 F.3d 487, 493 (3d Cir. 1997). Accordingly, it was entirely proper for defendant to be sentenced for cocaine base--as he had been informed he would--after pleading to a cocaine offense under § 841(a), and counsel can hardly be characterized as ineffective for securing the lowest applicable guideline sentence therefor (years less than the statutory minimum specified in § 841(b)(1)(A)(iii)).

A certificate of appealability is DENIED and the appeal is DISMISSED.

Entered for the Court


John C. Porfilio
Circuit Judge

---

[3] In contrast, 21 U.S.C. § 844, which specifically prohibits possession of cocaine base, includes the drug form as an element of the offense. See United States v. Hill, 60 F.3d 672, 676 (10th Cir. 1995). Indeed, for this reason, § 844 is not a lesser included offense of § 841(a). See United States v. Lucien, 61 F.3d 366, 373 (5th Cir. 1995).