

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1479

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Williams" (2002). *2002 Decisions.* Paper 395.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/395

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No:  01-1479
_____


UNITED STATES OF AMERICA


v.


EUGENE WILLIAMS
a/k/a BLESS


Apellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00120-3)
District Judge: Robert J. Cindrich


Submitted Under Third Circuit LAR 34.1(a)
on May 2, 2002

Before: ROTH and STAPLETON, Circuit Judges
POLLAK*, District Judge

(Opinion filed: July 12, 2002)


* Honorable Louis H. Pollak, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation



O P I N I O N

ROTH, Circuit Judge

Eugene Williams challenges the ruling of the District Court denying his motion to dismiss the indictment. Williams alleges that the drug statute, 21 U.S.C.  481 is unconstitutional in light of Apprendi v. New Jersey, 536 U.S. 466 (2000), and its requirement that a jury assess those facts which determine the maximum sentence the law allows. Apprendi, 536 U.S. at 490. Prior to Apprendi, certain statutes permitted a judge to determine the maximum sentence by employing facts not submitted to a jury. See United States v. Gibbs, 813 F.3d 596 (3rd Cir. 1987); United States v. Chapple, 985 F.2d 729 (3d. Cir. 1993); United States v. Lewis, 113 F.3d 487 (3d Cir. 1997)

Williams was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base under 21 U.S.C.  481. Until Apprendi, judges were able, under this section, to determine the maximum sentence by employing

facts not submitted to the jury.  Williams' motion to dismiss the indictment was denied at a pre-trial conference and Williams made a conditional plea of guilty, reserving the right to challenge the District Court's ruling. Williams was sentenced to 130 months imprisonment and five years supervised release.

We exercise plenary review over the District Court's ruling concerning the constitutionality of Section 841(b).

On appeal, Williams argues that the District Court was bound by pre-Apprendi holdings that drug quantity determinations under Section 841(b) must be submitted to the judge as sentencing factors, rather than submitted to the jury as elements of the crime. See Gibbs, 813 F.3d at 596; Chapple, 985 F.2d at 729; Lewis, 113 F.3d at 487. Accordingly, the court would be unable to reconcile the sentencing-factor approach with the element-of-the-crime approach now required by Apprendi, rendering Section 841(b) unconstitutional.  Essentially, Williams argues that the Court is prohibited from overturning the sentencing-factor approach to Section 841(b)  to comply with Apprendi's element-of-the-crime approach because the sentencing-factor approach was precedential at one time.   Therefore, the District Court would be barred from making adjustments to comply with Apprendi because of the past precedent.

Williams argument lacks merit.  Fundamentally, Williams is arguing that courts should not be permitted to overturn or modify the law in response to new circumstances, legal trends, or community values.  Such an argument is easily dismissed.

Moreover, in United States v. Kelly, 272 F. 3d 487 (3d Cir. 2001), Section 481(b) was held to be constitutional even in light of Apprendi.   There is no reason why the Apprendi procedural requirements may not be applied to the drug quantity determinations under Section 841(b) as it stands.  This is so even though this Court has previously held that the drug quantity determinations were sentencing factors to be considered by the judge rather than elements of the offense to be considered by the jury.

We will, therefore, affirm the order of the District Court denying the motion to dismiss the indictment as unconstitutional.



TO THE CLERK:

    Please file the foregoing Opinion.



                        By the Court,


                            /s/ Jane R. Roth
                               Circuit Judge