

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# USA v. Kent

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Kent" (2004). *2004 Decisions.* Paper 875.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/875

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3443
_____

UNITED STATES OF AMERICA

vs.

JEROME KENT a/k/a/ JAMES WILLIAMS

Jerome Kent, Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 98-cr-00136-7)
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2004

BEFORE: NYGAARD, FUENTES, and STAPLETON, Circuit Judges.

(Filed April 6, 2004)

NYGAARD, Circuit Judge.

Jerome Kent challenges the District Court's partial denial of his 28 U.S.C. § 2255 motion. In particular, Kent claims that (1) the District Court erred by failing to find an *Apprendi* violation in his sentence, (2) the trial court constructively amended his indictment and (3) he received ineffective assistance of counsel. We agree with the District Court on each of these issues and will affirm.

I.

The facts of this matter are well known to the parties, for whom we write exclusively, and we thus recount them only briefly. Kent was charged with being involved in the unlawful distribution of and criminal conspiracy to distribute in excess of fifty grams of crack cocaine. 21 U.S.C. §§ 841(a)(1) and 846. The jury returned a general verdict of guilty and did not determine the type or quantity of controlled substance at issue.

At sentencing, the Court adopted the findings of the presentence report that Kent was involved in the distribution of between 150 and 500 grams of crack cocaine. Given Kent's circumstances, the sentencing guidelines for this amount of crack cocaine called for a sentence of between 324 and 393 months in prison. The Court sentenced

Kent to 324 months. Kent then filed a 28 U.S.C. § 2255 motion challenging his sentence. The District Court initially granted that motion in part and denied it in part in order to resentence Kent under United States Sentencing Guideline ("U.S.S.G.") § 5G1.2(d). On Kent's Rule 60(b) motion, the Court determined that, because the government had filed an information regarding prior convictions pursuant to 21 U.S.C. § 851(a)(1), Kent's sentence was within the statutory limit and no resentencing was required. The Court also adjusted the supervised-release period downward to six years.

In this appeal Kent raises three issues. Taken verbatim from his brief, they are:

(1)     that trial counsel was ineffective for failing to make a request under the Jencks Act for Andre White's prior statements;

(2)     that [Kent's] sentence violates the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it was based on the District Court's finding of drug quantity under the preponderance of the evidence standard; and

(3)     that the District Court constructively amended the indictment when it instructed the jury that it could find him guilty without making findings as to drug identity and drug quantity.

Appellant's Brief at 2.

3

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we exercise plenary review over the District Court's denial of Kent's motion under § 2255. *United States v. Jenkins*, 333 F.3d 151, 153 (3d Cir. 2003). We may affirm that denial on any ground supported by the record. *Id.* We will address Kent's *Apprendi* issue first, then his constructive amendment claim, and finally his ineffective assistance of counsel argument.

## II.

### A.

Under *Apprendi*, any fact that increases a defendant's sentence beyond the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490. Kent argues that because the amount and identity of drugs involved in his case were not submitted to the jury, his sentence exceeds the catch-all maximum of one year, and *Apprendi* is violated. The government concedes that the jury was not asked to specifically determine the identity or quantity of the drugs involved in this case. However, the government contends that the jury's failure to determine the identity of the drugs was harmless error and that no *Apprendi* violation occurred with respect to drug quantity because Kent was sentenced below the statutory maximum.

Under the harmless error analysis applicable to *Apprendi*, we must determine whether "it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder v. United States*, 527 U.S. 1, 15 (1999) (internal quotations omitted). The District Court determined that because the government

4

filed an information pursuant to 21 U.S.C. § 851, Kent's sentence of twenty-seven years was within the statutory maximum of thirty years under 21 U.S.C. § 841(b)(1)(C). We agree with this conclusion.

On September 28, 1998, the government put Kent on notice that it intended to seek an enhanced sentence under 21 U.S.C. § 841 based on his two prior drug convictions that occurred in 1996 and 1989. Under § 841(b)(1)(C), a person convicted of distribution of a Schedule II controlled substance may be sentenced to up to thirty years imprisonment if that person "commit[ted] such a violation after a prior conviction for a felony drug offense [had] become final." In order to seek the enhancement of a sentence based on a prior conviction, the government must file an information pursuant to 21 U.S.C. § 851. That information must identify the convictions on which the government will rely in seeking the enhancement. If the government files such an information, the Court must, before sentencing but after conviction, inquire of the defendant whether he admits that he has been previously convicted as identified in the government's information. 21 U.S.C. § 851(b). A person may not challenge the validity of any conviction that occurred more than five years before the date on which the government filed its information. 21 U.S.C. § 851(e)

At sentencing, Kent challenged the 1996 conviction but admitted that the 1989 charges "appeared" to result in a conviction. App. at 22. Rather than engage in the inquiry required under § 851, the District Court and government agreed to treat the § 851

5

information as moot because the drug identity and quantity, as determined by the Court during sentencing, increased Kent's statutory maximum beyond the thirty years provided in § 841(b)(1)(C). The government, however, did not withdraw the § 851 information but simply agreed to treat it as moot.

We agree with the District Court that, based on the government's § 851 information, the statutory maximum applicable to Kent was thirty years. Even though the District Court committed error by not conducting the inquiry required under § 851, that error was harmless. Kent's counsel admitted that there "appeared" to be a 1989 felony conviction. Further, that conviction was identified in the pre-sentence report and Kent did not challenge this part of that report. Given the admitted existence of this conviction, Kent could not challenge its underlying validity because it was entered more than five years before the government filed is § 851 information. 21 U.S.C. § 851(e). Regardless of the validity of the 1996 conviction, the existence of the 1989 conviction results in Kent's statutory maximum being increased to thirty years under § 841(b)(1)(C). His sentence of 27 years was within that statutory maximum and there is no *Apprendi* violation.

## B.

Kent argues next that the District Court constructively amended his indictment by referring to a controlled substance "such as crack cocaine or cocaine" twice during its jury charge. In *United States v. Lewis*, this Court was presented with a nearly

identical factual situation. 113 F.3d 487, 492-93 (3d Cir. 1997). In *Lewis*, the defendant was indicted for distributing in excess of five grams of cocaine base. *Id.* at 492. The trial court, however, instructed the jury that it could find Lewis guilty regardless of whether it found that he distributed cocaine base or cocaine powder. *Id.* On appeal, the Court held that this variance between the indictment and the charge did not require that the Court vacate Lewis's conviction because none of his substantial rights were prejudiced. *Id.* This holding is on point and controlling in this case.

As described above, Kent was sentenced within the applicable statutory maximum regardless of what Schedule II controlled substance he was convicted of distributing. Therefore, as in *Lewis*, the variance between his indictment and the trial judge's charge did not prejudice any substantial right. *Id.* at 492-93.

## C.

Finally, Kent argues that he received ineffective assistance of counsel because his attorney did not obtain the prior statements of Andre White, a witness called by the government at sentencing, and, as a result, elicited incriminating testimony from White. In order to succeed on this argument, Kent must establish that his attorney's actions were deficient and that those deficiencies prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). Even if his attorney's failure to obtain any of

White's previous statements was deficient,[1] Kent has not shown that such a failure prejudiced his defense. In fact, the record shows that Kent's attorney cross-examined White in an attempt to discredit him, and successfully elicited admissions that he was in jail for a drug offense and had previously failed a polygraph test in connection with his own trial. While it is true, as Kent insists, that his counsel's examination of White elicited an answer including the fact that Kent was carrying a gun and that this might have been avoided had counsel been provided with a Jencks Act statement, there was no prejudice because the fact that Kent had a gun was previously disclosed by White on direct examination.

III.

For the foregoing reasons, we will affirm the District Court's partial denial of Kent's 28 U.S.C. § 2255 motion.

---

1    The government argues, and the District Court accepted, that White did not testify before the grand jury and was simply interviewed by federal agents. While that interview was placed in a report, the government claims that it was not subject to disclosure under the Jencks Act. *See United States v. Ramos*, 27 F.3d 65, 69-70 (3d Cir. 1994) (explaining that the Jencks Act only requires the disclosure of transcripts of grand jury testimony, signed or adopted statements, or a substantially verbatim recording, transcription or contemporaneous memorialization of a witness' oral statement). We need not decide whether any prior statement of White falls within these disclosure rules because Kent has failed to show any prejudice based on his attorney's failure to request such a statement.

8