UNITED STATES of America,

v.

James MOSLEY a/k/a James F. Mosley
James Mosley, Appellant.

Nos. 02–4246, 03–1815.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 12, 2004.

Decided April 23, 2004.

Floyd J. Miller, Office of United States Attorney, Philadelphia, PA, for Appellee.

James F. Mosley, Fort Dix, NJ, pro se.

Before ALITO, CHERTOFF, and BECKER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

I.

James Mosley was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Philadelphia police officers George Scott and Dawn Yaletsko were on patrol in the early morning hours of July 4, 2001. Mosley was driving in front of them. Officer Yaletsko noticed that Mosley's car had an expired registration sticker (which is visible on the license plate). The officers pulled Mosley over and began to approach the car, Officer Scott on the driver's side and Officer Yaletsko on the passenger's side. As Scott asked Mosley for his license, registration, and proof of insurance, Yaletsko saw, in plain view, a .25 caliber silver handgun that Mosley was trying to hide by stuffing between the bench and the back of the car's front seat. Yaletsko motioned to Scott that Mosley had a gun, and Scott removed Mosley from the car. Yaletsko opened the passenger side door and removed the gun. Mosley was issued three traffic citations and was ultimately indicted.

Mosley and the government stipulated at trial that Mosley was a convicted felon and that the firearm had traveled in interstate commerce. Mosley moved to suppress an incriminating statement he made to Officer Yaletsko and the gun discovered by Yaletsko. The District Court granted the motion to suppress the statement but denied the motion to suppress the gun. At the close of the government's case, Mosley moved to dismiss the indictment based on insufficient evidence and a variance between the indictment and the evidence established at trial. The District Court denied this motion as well. During closing arguments, Mosley made reference to the government's failure to call Officer Scott as a witness. In rebuttal argument, the prosecutor said that Mosley could have called Scott to testify if he had wanted. *See* App. at 123. Mosley then moved for a mistrial, but the District Court denied that and instead gave the following curative instruction:

Members of the jury, during the closing, the assistant United States attorney made a comment to the effect that the defendant could have called the other officer. That is not correct under the law. The defendant has absolutely no burden whatsoever to call any witnesses. And it is the government that could have called the second officer if it had wished to do so. The defendant has no burden whatsoever to do it.

*Id.* at 125.

The jury found Mosley guilty, and the District Court denied Mosley's motion for

judgment of acquittal. After sentencing, Mosley took the present appeal.

On appeal, Mosley first argues that the seizure of the gun violated his Fourth Amendment rights because the police officers lacked probable cause to believe that the firearm was contraband. We reject this argument. The District Court found that "as Officer Scott was requesting [Mosley's driver's license, proof of registration, and proof of insurance], Mosley was simultaneously attempting to conceal a .25 caliber handgun from view." "Under these circumstances," the Court held, "a prudent person in the officers' position would be warranted in concluding that Mosley was attempting to hide the gun from the officers because he was carrying that gun illegally." Under the particular circumstances here, the officers had probable cause to seize the gun.

Mosley next argues that there was a fatal variance between the indictment and the evidence presented at trial. He notes that the indictment charged him with "knowingly possess[ing]" a handgun loaded with "six rounds of ammunition," whereas the evidence at trial which showed that the handgun was loaded with only one round of ammunition. *See* App. at 87–88. According to Mosley, this variance prejudiced him because the indictment made him appear more culpable than he really was and because he may subsequently be prosecuted for illegal possession of the ammunition. We see no merit in these arguments.

A conviction must be vacated where a variance between the indictment and proof at trial prejudices the "defendant's substantial rights." *United States v. Salmon,* 944 F.2d 1106, 1116 (3d Cir.1991). In order to show prejudice, a defendant must generally prove that the "indictment either did not sufficiently inform him of the charges against him so that he could prepare his defense and not be misled or surprised at trial or that the variance cre-

ated a danger that the defendant could be prosecuted a second time for the same offense." *United States v. Balter,* 91 F.3d 427, 441 (3d Cir.1996) (internal citation omitted); *see also United States v. Lewis,* 113 F.3d 487, 492 (3d Cir.1997) ("In determining whether there has been a fatal variance, courts ascertain whether the variance affects the substantial rights of the accused either (1) by insufficiently informing [the defendant] of the charges against him such that he is taken by surprise and prevented from presenting a proper defense, or (2) by affording him insufficient protection against reprosecution for the same offense.") (internal quotation marks omitted).

Here, we cannot see how the variance prejudiced Mosley. There is no indication that the variance in any way affected his ability to prepare his defense. The discrepancy was minor and did not concern the key issue at trial, i.e., whether the gun belonged to Mosley or someone else. In addition, the variance did not expose Mosley to the risk of reprosecution for the same offense. Mosley contends that he may now be prosecuted for the offense of illegal possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), but we do not see how the variance could have created such a risk. Moreover, as a practical matter, it does not seem that Mosley faces any risk of prosecution for the possession of the ammunition found in the gun, since we understand the government to have bound itself to the position that it will not bring a separate prosecution based on the illegal possession of ammunition. *See* Appellee's Br. at 20–21.

Mosley's final argument is that the District Court abused its discretion by denying his motion for a mistrial because of the

improper statement made by the Assistant United States Attorney during rebuttal argument. According to Mosley, the improper statement substantially prejudiced him and the curative instruction was insufficient. We disagree.

In determining whether objectionable comments by a prosecutor require reversal, "we consider the scope of the objectionable comments and their relationship to the entire proceeding, the ameliorative effect of any curative instructions given, and the strength of the evidence supporting the defendant's conviction." *United States v. Helbling,* 209 F.3d 226, 241 (3d Cir.2000) (internal quotations and citations omitted). In this case, as the District Court noted, the evidence was very strong. The curative instruction was clear and emphatic and was given promptly and, as the District Court observed, "the objectionable comments were not central to whether Mosley possessed the firearm." We conclude that the curative instruction was adequate and that, even if there was error, it was harmless under any standard.

## II.

We have reviewed all of Mosley's arguments and see no grounds for reversal. Therefore, we affirm the judgment of the District Court.